■ RONALD P. BENNETT et al., as Executors of JANE V. BENNETT, Also Known as JANE V. B. THOMAS, Deceased, Respondents, v. JAMES THOMAS, Appellant. (Appeal No. 1.) — Order affirmed with costs. Motion to strike certain parts of respondents' brief denied. Memorandum: Special Term properly refused to dismiss plaintiffs' complaint since decedent's sons as plaintiffs, suing individually and as executors of their mother's estate, allege in their complaint an interest to avoid such marriage by reason of such relationship. Such an interest supported by sufficient proof may entitle them to a postdeath annulment of their mother's marriage to this defendant (Domestic Relations Law, § 140, subd. [e]). By virtue of statutory enactment, however, the husband is a surviving spouse for purposes of electing against his deceased spouse's estate unless it is established that " A final decree or judgment * * * of annulment * * * *was in effect when the deceased spouse died*" (EPTL 5-1.2, subd. [a], par. [1]) (italics supplied). Thus, in affirming Special Term we would point out that the outcome of this postdeath

annulment action will not affect the defendant's right of election as a surviving spouse. His right to elect against his wife's estate became fixed and unalterable upon the wife's death. Upon the trial of the action, therefore, it will be incumbent upon the plaintiffs to establish an interest on their part to avoid the marriage other than defeating defendant's election right. All concur, Witmer, J., in result only. (Appeal from order of Erie Special Term denying motion to dismiss complaint.) Present — Marsh, J. P., Witmer, Gabrielli, Moule and Cardamone, JJ.