■ LAWRENCE LEVINE, Respondent, v JOHN V. DUMBRA, Appellant. [604 NYS2d 207] —In an action to annul a marriage, the defendant husband appeals from a judgment of the Supreme Court, Queens County (Friedmann, J.), entered July 9, 1992, which, after a nonjury trial, annulled the marriage.

Ordered that the judgment is affirmed, with costs.

A marriage is void from the time its nullity is declared, if one of the parties to the marriage was incapable of consenting to the marriage for want of understanding (see, Domestic Relations Law § 7 [2]). The question is whether a party, because of mental illness or retardation, was not able, at the time of the marriage, to comprehend the significance of the decision to marry (see, Domestic Relations Law § 140 [c]; De Nardo v De Nardo, 293 NY 550; Basha v Basha, 2 AD2d 693). In order to obtain an annulment on the ground of lack of understanding, it must be shown that the party was incapable

of understanding the nature, effect, and consequences of the marriage *(see, Weinberg v Weinberg,* 255 App Div 366).

It is abundantly clear from the evidence adduced at the trial that the wife suffered from a severe and irreversible mental illness long before her marriage on November 2, 1990. Three psychiatrists agreed that based on their examinations, she was incapable of understanding the nature, consequences, and effect of marriage. Further, the psychiatrists all indicated that she suffered from a progressive disease that resulted from a reduction in the absolute number of her brain cells. Therefore, the trial court properly annulled her marriage on the ground that she did not possess the necessary mental capacity to marry.

Further, although the plaintiff had no standing, as conservator of the wife's estate, to commence this action for an annulment *(Walter v Walter,* 217 NY 439), the parties stipulated during the trial to amend the caption of the complaint to reflect the plaintiff's status as a relative of the wife. In that capacity, he did have standing to maintain the instant annulment action based on incompetency *(see,* Domestic Relations Law § 140 [c]), and the trial court then appointed him as the wife's guardian ad litem. The defendant's arguments as to the validity of the parties' stipulation and the plaintiff's alleged conflict of interest are without merit. Balletta, J. P., Rosenblatt, Santucci and Joy, JJ., concur.