■ HERMAN TABAK, Respondent, v RUTH GARAY, as Preliminary Executrix of MARTIN GARAY, Deceased, Appellant, et al., Defendant. [655 NYS2d 92] —In an action for the annulment of a

marriage, commenced after the death of the husband, the defendant wife appeals from (1) an order of the Supreme Court, Kings County (Rigler, J.), dated August 9, 1995, which, *inter alia,* granted the plaintiff's motion to disqualify the defendant's counsel, and (2) an order of the same court, dated January 30, 1996, which, *inter alia,* denied that branch of the defendant's motion which was to dismiss the complaint for lack of standing.

Ordered that the order dated January 30, 1996, is reversed, on the law, that branch of the defendant's motion which was to dismiss the complaint is granted, the complaint is dismissed, and the balance of that motion is denied as academic; and it is further,

Ordered that the appeal from the order dated August 9, 1995, is dismissed as academic; and it is further,

Ordered that the defendant is awarded one bill of costs.

The status of Rella Tabak as a relative of the late Martin Garay did not, in and of itself, establish an interest to void the marriage between Martin Garay and the defendant Ruth Garay *(see, Bennett v Thomas,* 38 AD2d 682). Ms. Tabak asserted no other interest to nullify the marriage. Accordingly, the action must be dismissed because Ms. Tabak lacked standing to bring it. The case of *Levine v Dumbra* (198 AD2d 477) is distinguishable because there both parties to the marriage were living and the relative of the incompetent wife was appointed as her guardian ad litem to maintain the action on her behalf.

In light of this determination, we need not address the propriety of the court's ruling regarding the disqualification of the defendant's counsel.

The defendant's remaining contentions are likewise academic. Rosenblatt, J. P., O'Brien, Copertino and Goldstein, JJ., concur.