■ In the Matter of the Estate of JOSEPH S., Deceased, a Person Alleged to be Incapacitated, by JOSEPH RAPUANO, as Executor of JOSEPH S., Deceased, Appellant. ALAN F. FAY, Respondent; JUANITA KHO, Appellant, et al., Respondents. [808 NYS2d 426]—

In a proceeding pursuant to Mental Hygiene Law article 81 for the appointment of a guardian for Joseph S., an alleged incapacitated person (now deceased), Joseph Rapuano, as executor of the estate, and Juanita Kho separately appeal from a judgment of the Supreme Court, Queens County (O'Donoghue, J.), dated November 25, 2003, which, after a hearing, inter alia, in effect, granted the petition, appointed coguardians for the personal needs and property of Joseph S., determined that Joseph S. lacked the capacity to enter into a marriage with Juanita Kho in March 2003 and that the marriage was a nullity, determined that Joseph S. lacked the capacity to execute any wills after February 1, 2001, and determined that any legal documents executed by Joseph S. after February 1, 2001, are null and void.

Ordered that on the Court's own motion, Joseph Rapuano, as executor of the estate, is substituted for Joseph S., an alleged incapacitated person (now deceased), and the caption is amended accordingly; and it is further,

Ordered that the judgment is modified, on the law and the facts, by deleting the provisions thereof determining that the wills executed by Joseph S. after February 1, 2001, are null and void; as so modified, the judgment is affirmed, without costs or disbursements, and the matter is remitted to the Supreme Court, Queens County, for a determination of the issue of equitable distribution in accordance with Domestic Relations Law § 236 (B) (5).

Contrary to the appellants' contention, the petitioner proved by clear and convincing evidence that Joseph S. was incapacitated, as he was unable to provide for his own needs and property management, and could not adequately appreciate the consequences of his inability (see Mental Hygiene Law § 81.02 [b]; see generally Matter of Maher, 207 AD2d 133 [1994]). The evidence established that Joseph S. was of advanced age. He was extremely hard of hearing, suffered from severe short-term memory loss, had been hospitalized several times from 2001 to 2003, and suffered from severe arthritis. He could no longer care for himself alone, either on a personal needs or on a property management level. The facts that he had not been diagnosed as suffering from any particular psychiatric or mental disease, and that he appeared at times to be lucid and alert, do not alter this conclusion, since the evidence showed that at best he was only somewhat functional and coherent (see generally

*Matter of Maher, supra* at 139). Moreover, the Supreme Court properly rejected the appellant Juanita Kho as a reliable alternative resource to the appointment of a guardian based on her motives, which the Supreme Court found questionable. The Supreme Court found the isolation of Joseph S. by Kho particularly troubling considering his previously active social life and numerous longtime trusted friends. The Supreme Court and the court evaluator both found Kho's testimony to be incredible in several key respects, and the record reveals no basis to disturb the Supreme Court's determination.

Similarly, the record supports the Supreme Court's annulment of the marriage between Joseph S. and Kho, who was Joseph's former nurse and was 43 years his junior. An annulment is an available remedy in an article 81 proceeding (*see* Mental Hygiene Law § 81.29 [d]; *Matter of Dot E. W.,* 172 Misc 2d 684 [1997]), where the evidence, as here, shows that the party was "incapable of understanding the nature, effect, and consequences of the marriage" (*see Levine v Dumbra,* 198 AD2d 477, 477-478 [1993]). In this regard, Kho's argument as to lack of notice is unpersuasive, since the petitioner at the close of his case moved to amend the petition to include annulment as an additional form of relief (*see* CPLR 3025 [c]), the Supreme Court advised Kho and her counsel that it would consider the relief, and Kho did not object to the Supreme Court's consideration of the issue. Furthermore, the fact that Kho was not formally joined as a party to the proceeding presents no impediment to the annulment under the circumstances, since she appeared and participated throughout the proceedings while represented by counsel, she received a full opportunity to present evidence regarding the validity of the marriage, and she actively litigated the issue. Accordingly, Kho is deemed to have waived any claim of lack of personal jurisdiction. Since the question of equitable distribution remains undetermined, we remit the matter to the Supreme Court for the resolution of that issue (*see DeLyra v DeLyra,* 74 NY2d 872 [1989]; *Matter of Dot E. W., supra*).

However, the Supreme Court erred in invalidating any wills executed after February 1, 2001. Unlike annulment of the marriage, the petitioner did not seek to revoke any wills at any point in the proceeding; thus, the appellants were not given adequate notice or an opportunity to be heard with regard to such relief (*see Bohlke v General Elec. Co.,* 293 AD2d 198, 201 [2002]; *Matter of We're Assoc. Co. v Scaduto,* 206 AD2d 245, 248-249 [1994]). Krausman, J.P., Mastro, Rivera and Skelos, JJ., concur.