■ In the Matter of the Guardianship of DALE GLADWIN, a Person Alleged to be Incapacitated. KATHLEEN A. PAYNE, Respondent; RICHARD J. GLADWIN, Appellant. [828 NYS2d 737]—

Appeal from an order of the Supreme Court, Oneida County (Anthony F. Shaheen, J.), entered March 9, 2005 in a proceeding pursuant to Mental Hygiene Law article 81. The order, among other things, appointed petitioner as guardian of the person and property of Dale Gladwin.

It is hereby ordered that the order so appealed from be and the same hereby is unanimously affirmed without costs.

Memorandum: Respondent appeals from an order appointing petitioner as guardian of their brother Dale pursuant to Mental Hygiene Law article 81. Dale, born November 22, 1968, is the youngest of 12 children. He has Down syndrome, and it is undisputed that he is an incapacitated person. For approximately three years, respondent resided with Dale and their elderly parents in order to care for Dale and for the parents, who were ill. The mother died in June 2003, and the father filed a petition pursuant to Mental Hygiene Law article 81 in July 2004 seek-

ing the appointment of respondent as guardian of the person and property of Dale. By a report dated September 13, 2004, the Court Evaluator recommended respondent's appointment as Dale's guardian but noted that several of Dale's siblings had contacted him to express their concerns about Dale's isolation from them. Petitioner thereafter filed a cross petition seeking to be appointed as Dale's guardian. The parties' father died prior to the hearing, thus in effect rendering the cross petition a petition.

In granting the petition, Supreme Court noted that, in their respective wills signed in 1999, the parents named respondent as Dale's guardian and petitioner as the alternate guardian. The court determined therefrom that the parents considered both parties to be acceptable guardians for Dale. The court further determined that, although the physical needs of Dale were adequately met by respondent, his "emotional and developmental needs have been severely restricted by his living environment which the court finds to be extremely detrimental to his well-being and quality of life." The court thus concluded that it is in Dale's best interests to live with petitioner and her family in South Carolina, where Dale would have "a more socially active and enriching life through organizations and groups which are specifically set up to meet his needs," as well as unlimited access to his siblings. Contrary to respondent's contention, the court did not abuse its discretion in appointing petitioner as Dale's guardian (*see generally Matter of Von Bulow*, 63 NY2d 221, 224 [1984]; *Matter of Wynn*, 11 AD3d 1014, 1015-1016 [2004], *lv denied* 4 NY3d 703 [2005]).

Finally, we conclude that the court's failure to appoint counsel for Dale does not constitute reversible error, inasmuch as Dale was present at the court proceedings and the court thus had the opportunity to observe him (*cf. Matter of Edward G.N.*, 17 AD3d 600, 601 [2005]). Present—Scudder, P.J., Hurlbutt, Gorski, Martoche and Smith, JJ.