In the Matter of LUCILLE H., a Person Alleged to be Incapacitated. NEW YORK CITY HEALTH AND HOSPITALS CORPORATION-QUEENS HOSPITAL CENTER, Respondent. SURINDER TAK, Nonparty Appellant; ADDIE H., Nonparty Respondent. [833 NYS2d 200]—

In a proceeding pursuant to Mental Hygiene Law article 81 to

appoint a guardian for the person and property of Lucille H., an alleged incapacitated person, Surinder Tak appeals (1), as limited by his brief, from so much of an order and judgment (one paper) of the Supreme Court, Queens County (O'Donoghue, J.), entered November 4, 2005, as adjudged that a contract between Lucille H. and him for the sale of certain real property dated April 28, 2005, is void and (2) from an order of the same court entered May 16, 2006, which denied his motion to recuse Justice O'Donoghue, to vacate the provision of the order and judgment adjudging that the contract was void, and for a hearing on the issue of the capacity of Lucille H. to execute the contract.

Ordered that the order and judgment is reversed insofar as appealed from, on the law, without costs or disbursements; and it is further,

Ordered that the appeal from so much of the order entered May 16, 2006, as denied that branch of the motion of Surinder Tak which was to vacate the provision of the order and judgment adjudging that the contract dated April 28, 2005, was void, is dismissed as academic, without costs or disbursements, in light of our determination on the appeal from the order and judgment; and it is further,

Ordered that the order entered May 16, 2006 is modified, on the law, by deleting the provision thereof denying that branch of the motion of Surinder Tak which was for a hearing on the issue of the capacity of Lucille H. to execute the contract, and substituting therefor a provision granting that branch of the motion; as so modified, the order is affirmed insofar as reviewed, without costs or disbursements, and the matter is remitted to the Supreme Court, Queens County, for a hearing on the issue of the capacity of Lucille H. to execute the contract for the sale of real property, and a new determination thereafter on the issue of whether the contract is valid or void.

In the course of a hearing on a petition for the appointment of a guardian for the person and property of Lucille H., an alleged incapacitated person, the Supreme Court heard testimony relating to her execution of a contract on April 28, 2005 for the sale of certain improved real property to Surinder Tak. The contract was dated one week prior to the admission of Lucille H. into a hospital due to her changed mental status. There was testimony at the hearing to the effect that Lucille H. first exhibited signs of confusion some three years prior to the hearing, and that the value of the real property was some $100,000 to $200,000 more than the contract price. At the conclusion of the hearing, the Supreme Court ruled that Lucille H.'s presence

at the hearing was not required, as she would not have been able to meaningfully participate. It adjudged Lucille H. to be an incapacitated person, and appointed a guardian for her person and property.

Tak was not named as a party to the proceeding for the appointment of a guardian, was not served with the order to show cause which commenced the proceeding, and did not appear at the hearing on the petition. The petition did not request any immediate relief regarding the issue of Lucille H.'s capacity to execute the contract. Nonetheless, the court also sua sponte adjudged that the contract between Lucille H. and Tak for the sale of the real property dated April 28, 2005, was void.

Tak moved, inter alia, for an order vacating the provision of the order and judgment adjudging the contract void, and for a hearing on the issue of Lucille H.'s capacity to execute the contract. He also moved to recuse the trial judge, and to transfer the matter to a different justice to hear and determine the merits of his motion. The motion was denied in all respects. We modify.

Absent a legal basis for disqualification under the Judiciary Law, the trial judge is the sole arbiter of whether recusal is appropriate (*see People v Moreno*, 70 NY2d 403 [1987]). The Supreme Court did not improvidently exercise its discretion in denying that branch of the motion which was for recusal (*cf. Matter of Independence Party State Comm. of State of N.Y. v Berman*, 20 AD3d 423 [2005]).

The failure to name Tak as a party to the guardianship proceeding, and to provide notice that the issue of the validity of the contract for the sale of real property was to be an object of the proceeding, deprived Tak of notice and an opportunity to be heard (*see Matter of Loretta I.*, 34 AD3d 480 [2006]; *cf. Matter of Joseph S.*, 25 AD3d 804 [2006]). Accordingly, the matter is remitted to the Supreme Court, Queens County, for a hearing on the issue of the capacity of Lucille H. to execute the contract for the sale of the real property, and a new determination thereafter on the issue of whether the contract is valid or void. Schmidt, J.P., Santucci, Krausman and Balkin, JJ., concur.