■ In the Matter of HEIDI DOTY, Respondent, v JOSEPH V. DiAMATO III, Appellant. [857 NYS2d 633]—

In two related visitation proceedings pursuant to Family Court Act article 6, the father appeals from an order of the Family Court, Orange County (Kiedaisch, J.), dated February 27, 2007, which, in effect, granted the mother's petition to modify a prior order of the same court dated August 5, 2002

awarding him visitation with the parties' two children, to provide that he is responsible for transporting the children between his home in Cornwall, New York, and the mother's home in Warwick, New York, for weekend visitation.

Ordered that the order dated February 27, 2007 is reversed, on the law, without costs or disbursements, and the matter is remitted to the Family Court, Orange County, for a new determination on the mother's petition, after affording the appellant notice and an opportunity to be heard.

By order dated August 5, 2002 the father was awarded visitation with the parties' two children on two weekends per month. The order was silent as to which parent was responsible for transporting the children for weekend visitation. At the time the order dated August 5, 2002 was issued, the mother resided in Warwick, New York, and the father resided in Florida, New York.

Thereafter, the father moved to Cornwall, New York, and, apparently, a dispute arose as to which parent should transport the children back and forth for weekend visitation. By petition filed on February 8, 2007 the mother sought an order directing the father to "do the driving 100% on his weekend which is only 2 weekends a month."

Without affording the father notice and an opportunity to be heard, the Family Court, in effect, granted the mother's petition and modified the order dated August 5, 2002 "to provide that the father shall transport the children for his weekend visitation to and from the mother's residence." The Family Court stated that "this order shall serve as the final order disposing of the mother's petition in this proceedings."

The father appeals on the ground that he was not served with the petition and was not afforded an opportunity to be heard.

The order appealed from imposed an obligation upon the father to transport his children to and from the mother's home for weekend visitation, which occurred every other weekend. Imposing this obligation upon the father without affording him notice and an opportunity to be heard was improper (see Matter of Lucille H., 39 AD3d 547 [2007]).

Accordingly, the order appealed from must be reversed and we remit the matter to the Family Court, Orange County, for a new determination on the mother's petition, after affording the father notice and an opportunity to be heard. Lifson, J.P., Florio, Eng and Chambers, JJ., concur.