■ In the Matter of KIMBERLY KAMINESTER, Respondent, v INALEE FOLDES, Appellant. [859 NYS2d 412]—

Order, Supreme Court, New York County (William P. McCooe, J.), entered October 30, 2007, which voided a marriage and several financial transactions between respondent Foldes and petitioner's allegedly incapacitated person (AIP), and held said respondent in civil and criminal contempt of a temporary restraining order issued during the pendency of the AIP's guardianship proceeding, unanimously modified, on the law and the facts, the findings of civil and criminal contempt vacated and the matter remanded for a new hearing, and otherwise affirmed, without costs.

The IAS court properly maintained jurisdiction over this matter after the AIP's death, as Supreme Court and Surrogate's Court have concurrent jurisdiction in matters involving a decedent's estate (*see Williams v Williams*, 36 AD3d 693, 695 [2007]). Here, the IAS court signed the temporary restraining order and had authority to enforce it (Judiciary Law § 753 [A] [3]). Even if the IAS court were divested of jurisdiction, "a Supreme Court Justice is vested with inherent plenary power (NY Const, art VI, § 7) to fashion any remedy necessary for the proper administration of justice" (*People ex rel. Doe v Beaudoin*, 102 AD2d 359, 363 [1984]). The IAS court was not bound by the form of the proceeding (CPLR 103 [c]), and in this case it properly issued a declaratory finding (*see Cahill v Regan*, 5 NY2d 292, 298 [1959]) that the AIP lacked the capacity to enter into the marriage and engage in financial transactions.

Revocation of transactions is an available remedy under Mental Hygiene Law § 81.29 (d). Where there is medical evidence of mental illness or defect, the burden shifts to the opposing party to prove by clear and convincing evidence that the person executing the document in question possessed the requisite mental capacity (*Matter of Rose S.*, 293 AD2d 619, 620 [2002]). Based on the medical reports and the hearing testimony, the IAS court properly found evidence of cognitive deficits, and respondent failed to rebut that finding with medical evidence of her own. Annulment of marriage is also an available remedy in an article 81 proceeding (*Matter of Joseph S.*, 25 AD3d 804, 806 [2006]; *Matter of Dot E.W.*, 172 Misc 2d 684, 693-694 [1997]).

"To sustain a finding of either civil or criminal contempt

based on an alleged violation of a court order it is necessary to establish that a lawful order of the court clearly expressing an unequivocal mandate was in effect" (*Matter of Department of Envtl. Protection of City of N.Y. v Department of Envtl. Conservation of State of N.Y.*, 70 NY2d 233, 240 [1987]). The record is presently insufficient to support a finding that respondent was guilty of civil contempt based on her knowledge of the explicit language of the restraining order. Moreover, to be found guilty of criminal contempt, the contemnor usually must be shown to have violated the order with a higher degree of willfulness than need be shown in a civil contempt proceeding (*id.*). The matter is necessarily remanded for a determination of the scope of the order as well as her knowing violations of the order—the change in life insurance beneficiary, conveyance of the Westhampton property, and her marriage to the AIP after he was determined to be incapacitated—in addition to her conduct subsequent to those alleged violations, including failing to disclose these transactions at a court hearing where the parties stipulated to the AIP's incapacity.

Finally, we reject respondent's contention that the court's hearing was improperly conducted. The record is replete with examples in which the court appropriately asked her to clarify her vague, indirect responses (*Messinger v Mount Sinai Med. Ctr.*, 15 AD3d 189 [2005], *lv dismissed* 5 NY3d 820 [2005]). Even if the court's questioning regarding her attorney's knowledge of her marriage to the AIP was improper, we conclude that any error was harmless in light of the remaining evidence (*Matter of Levinson*, 11 AD3d 826, 828 [2004], *lv denied* 4 NY3d 704 [2005]). Concur—Tom, J.P., Williams, Catterson and Acosta, JJ.