◼ In the Matter of SHERILYN DANDRIDGE, as Administrator of the Estate of ALDO D., Deceased, an Incapacitated Person, Respondent. NEW YORK CITY HEALTH AND HOSPITALS CORPORATION-ELMHURST HOSPITAL CENTER, Respondent; ROBERT D. et al., Respondents. MAE ANN G.-D., Nonparty Appellant. [993 NYS2d 125]—

In a proceeding pursuant to Mental Hygiene Law article 81 to appoint a guardian for the personal needs and property management of Aldo D., an alleged incapacitated person, the nonparty Mae Ann G.-D. appeals (1) from an order of the Supreme Court, Queens County (Cullen, J.), dated September 30, 2010, which appointed a temporary guardian for Aldo D., (2) from an order of the same court dated March 9, 2011, which directed the temporary guardian to investigate the circumstances of the marriage between Mae Ann G.-D. and Aldo D. on or about February 4, 2011, (3), as limited by her brief, from so much of an order of the same court dated April 6, 2011, as authorized the temporary guardian to provide for medical evaluation and treatment of Aldo D., (4) from an order of the same court dated May 12, 2011, which directed the temporary guardian to provide for certain of Aldo D.'s physical and medical needs, (5) from an order of the same court dated June 30, 2011, which authorized

the temporary guardian to place Aldo D. in a custodial or care facility, (6), as limited by her brief, from so much of an order and judgment (one paper) of the same court entered July 12, 2011, as adjudged Aldo D. to be an incapacitated person, appointed a permanent guardian for Aldo D., and directed the annulment of the marriage between him and Mae Ann G.-D., and (7), as limited by her brief, from so much of a judgment of the same court entered September 16, 2011, as annulled the marriage between her and Aldo D. and directed that neither she nor the alleged incapacitated person would be entitled to receive equitable distribution or maintenance from the other or be entitled to a right of election in the estate of the other.

Ordered that the appeals from the orders dated September 30, 2010, March 9, 2011, April 6, 2011, May 12, 2011, and June 30, 2011, are dismissed as academic, without costs or disbursements; and it is further,

Ordered that the order and judgment entered July 12, 2011, is modified, on the law, by deleting the provision thereof directing the annulment of the marriage between Aldo D. and Mae Ann G.-D.; as so modified, the order and judgment is affirmed insofar as appealed from, without costs or disbursements; and it is further,

Ordered that the judgment entered September 16, 2011, is reversed insofar as appealed from, on the law, without costs or disbursements, and the matter is remitted to the Supreme Court, Queens County, for a hearing on the issue of the capacity of Aldo D. to enter into the marriage with Mae Ann G.-D., and a new determination thereafter on the issue of whether the marriage should be annulled.

The petitioner, New York City Health and Hospitals Corporation-Elmhurst Hospital Center, filed a petition pursuant to Mental Hygiene Law article 81 alleging that its then patient, Aldo D., was in need of a guardian in order to provide for his personal needs and property management because of his medical conditions, including Parkinson's disease and dementia. The petition was served on Aldo D.'s live-in caregiver, the nonparty appellant, Mae Ann G.-D. (hereinafter the appellant), and she appeared on each hearing date. During the initial appearance on the matter, Aldo D. agreed to the appointment of a temporary guardian for a period of four months with limited authority to arrange medical care, including his transfer to a rehabilitation facility and from there to his home. The Supreme Court issued an order to that effect on September 30, 2010. The temporary guardianship was later renewed and the temporary guardian's powers were expanded in orders dated March 9, 2011, April 6,

2011, May 12, 2011, and June 30, 2011. During the pendency of the guardianship proceeding, Aldo D. and the appellant traveled to Georgia for her brother's funeral. While in Georgia, Aldo D. and the appellant were married. Upon their return to New York, the temporary guardian informed the Supreme Court that Aldo D. and the appellant had married. The temporary guardian requested that a psychiatrist be appointed to examine Aldo D. to determine whether he had the capacity to enter into a marriage, and the Supreme Court granted that request. However, neither the temporary guardian nor anyone else ever formally moved to have the petition amended so as to include annulment of the marriage as an additional form of relief. Over the next several court dates, the Supreme Court heard testimony from Aldo D., his relatives, the appellant, and the temporary guardian. At the conclusion of the testimony, the court concluded that Aldo D. was incapacitated, lacked the capacity to enter into a marriage, and, as a result, annulled the marriage. Aldo D. died during the pendency of these appeals.

Contrary to the appellant's contention, clear and convincing evidence was presented at the hearing that Aldo D. was incapacitated (*see Matter of Joseph S.*, 25 AD3d 804, 805 [2006]). Among other things, testimony was adduced that Aldo D. suffered from Parkinson's disease, and the temporary guardian testified that he observed symptoms of dementia in Aldo D. For example, the temporary guardian related that Aldo D. did not seem to understand that he was being evicted from his apartment, and that he had married without intending to do so. The temporary guardian further testified that Aldo D. was very limited in his ability to walk and dress himself, and he could not cook for himself. He did not recognize his need for help. When questioned by the court, Aldo D. repeatedly denied marrying the appellant, said that he did not remember marrying the appellant, and did not want to be married to her. The appellant acknowledged during her testimony that they had, "to a degree," two marriage ceremonies, because, at the time of the first ceremony, Aldo D. "wasn't feeling well." The evidence before the Supreme Court was legally sufficient to establish that Aldo. D. was incapacitated. Because there was legally sufficient evidence presented to the Supreme Court establishing that Aldo D. was incapacitated, it was proper to annul the marriage between him and the appellant pursuant to Mental Hygiene Law § 81.29 (d) (*see Matter of Kaminester v Foldes*, 51 AD3d 528, 529 [2008]; *Matter of Joseph S.*, 25 AD3d 804, 806 [2006]; *Matter of Dot E.W.*, 172 Misc 2d 684, 693 [1997]).

Nevertheless, a new hearing on the issue of the capacity of

Aldo D. to enter into the marriage with the appellant is warranted. As the appellant correctly contends, she was deprived of notice and an opportunity to be heard before the Supreme Court annulled the marriage between her and Aldo D. Although the temporary guardian's request to appoint a psychiatrist to evaluate Aldo D.'s capacity to enter into the marriage was granted, a formal application was never made to amend the petition to include annulment of the marriage as an additional form of relief (*see Matter of Lucille H.*, 39 AD3d 547, 549 [2007]; *cf. Matter of Joseph S.*, 25 AD3d at 805).

Generally, where, as here, the incapacitated person has since died, the guardianship proceeding abates (*see Matter of Enna D.*, 30 AD3d 518 [2006]). However, a guardian's powers and the guardianship court's supervision may continue even after the incapacitated person's death (*see Acito v Acito*, 72 AD3d 493, 494 [2010]; *Matter of Rose BB.*, 262 AD2d 805, 807 [1999]). Under the circumstances of this case, where the Supreme Court had the opportunity to observe Aldo D., and the marriage will be subject to challenge in the Surrogate's Court (*see generally Campbell v Thomas*, 73 AD3d 103 [2010]), in order to foster judicial economy, we remit the matter to the Supreme Court, Queens County, for a hearing on the issue of the capacity of Aldo D. to enter into the marriage with the appellant and, thereafter, a new determination on the issue of whether the marriage should be annulled (*see* Mental Hygiene Law § 81.29 [d]; *Matter of Lucille H.*, 39 AD3d at 549; *Matter of Burns*, 287 AD2d 862, 863 [2001]; *Matter of Burns*, 267 AD2d 755, 757 [1999]; *Matter of Kaminester*, 17 Misc 3d 1117[A], 2007 NY Slip Op 52043[U] [Sup Ct, NY County 2007], *mod* 51 AD3d 528 [2008]; *Matter of Siracusano*, 167 Misc 2d 130, 134-135 [Sup Ct, NY County 1995]).

The appellant's remaining contentions either are not properly before this Court, are without merit, or have been rendered academic in light of our determination. Rivera, J.P., Chambers, Austin and Duffy, JJ., concur.