# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**592**

**CA 15-00223**

PRESENT: CENTRA, J.P., PERADOTTO, LINDLEY, DEJOSEPH, AND CURRAN, JJ.

---

IN THE MATTER OF THE APPLICATION OF MICHELE M.
AZZI, PETITIONER-RESPONDENT, FOR THE APPOINTMENT
OF A GUARDIAN OF THE PROPERTY OF DAVID J.D., AN          MEMORANDUM AND ORDER
ALLEGED INCAPACITATED PERSON, RESPONDENT.
----------------------------------------------------
JENNY S. TRAPANI, APPELLANT.

---

JENNY S. TRAPANI, APPELLANT PRO SE.

BOND, SCHOENECK & KING, PLLC, ROCHESTER (BRIAN LAUDADIO OF COUNSEL),
FOR PETITIONER-RESPONDENT.

---

Appeal from an order and judgment (one paper) of the Surrogate's Court, Monroe County (Edmund A. Calvaruso, S.), entered December 10, 2014 pursuant to Mental Hygiene Law article 81.  The order and judgment, among other things, granted the petition and appointed petitioner as guardian of the property of David J.D.

It is hereby ORDERED that the order and judgment so appealed from is unanimously reversed on the law without costs, the cross petition is reinstated, and the matter is remitted to Surrogate's Court, Monroe County, for further proceedings in accordance with the following memorandum:  Petitioner commenced this proceeding in Surrogate's Court pursuant to Mental Hygiene Law article 81, seeking a determination that her brother (hereafter, AIP) is an incapacitated person and seeking an order appointing her as guardian of his property.  The Surrogate granted the petition and appointed petitioner guardian of the property of the AIP.  We reverse.

In 2011, the AIP, the youngest of 10 adult siblings, was named beneficiary of two annuities purchased by his mother from a life insurance company.  The AIP's mother also executed a will in January 2012 directing in part that a trust for the AIP's benefit be established with half of the proceeds from the sale of her house after her death, and naming two of the AIP's brothers as cotrustees.  The AIP's mother died less than two weeks later, whereupon one of the brothers serving as cotrustee had the AIP sign a disclaimer renouncing almost 70% of his interest in the annuities in favor of his siblings, allegedly consistent with the mother's wishes.  Another of the AIP's brothers objected to the validity of the disclaimer, and the life insurance company commenced a federal interpleader action in June 2012 to determine the parties' rights with respect to the annuities.

The AIP moved to Arizona to live near the other brother serving

as cotrustee of the trust established by their mother, and he lived there for over a year before petitioner, without notice to the brother living in Arizona, drove the AIP back to New York in June 2013. Immediately upon arriving in New York, petitioner commenced this proceeding seeking to be appointed guardian of the AIP's property. The petition, which also requested petitioner's appointment as temporary guardian for the AIP pending the outcome of this proceeding, listed all of the AIP's nine siblings as "interested parties." The day after the petition was filed, the AIP, represented by the same attorney who represented petitioner in this proceeding, moved to stay the proceedings in the federal interpleader action pending the outcome of this guardianship proceeding. Less than a week later, the Surrogate, without appointing independent counsel for the AIP, appointed petitioner as temporary guardian for the AIP.

Six of the AIP's siblings (objectants) opposed the petition and, through one objectant, filed a cross petition. The cross petition asserted that the AIP, while requiring some assistance with financial and other personal matters, does not require the appointment of a guardian. The cross petition further asserted that, if the Surrogate were to conclude that the appointment of a guardian was necessary, petitioner should not be appointed. Petitioner, represented by the same attorney who represented the AIP in the federal interpleader action and who appeared on behalf of the AIP in this proceeding, moved to dismiss the cross petition. In support of that motion, petitioner submitted a psychological evaluation diagnosing the AIP with "mild mental retardation" and "mild intellectual disability," and recommending the appointment of a guardian to assist the AIP with his personal and property management needs. Objectants moved to dismiss the petition and to disqualify the law firm representing petitioner based on an alleged conflict of interest arising from the law firm's dual representation of both the AIP and petitioner. Objectants also requested that the Surrogate appoint independent counsel for the AIP.

The Surrogate denied objectants' motion and granted petitioner's motion to dismiss the cross petition on the grounds that objectants, although named as "interested parties" in the petition, lacked standing to participate as parties in this proceeding, and that the cross petition failed to state a cause of action. The Surrogate thereafter conducted a "hearing," apparently without notice to objectants, at which it admitted the psychological evaluation of the AIP prepared on behalf of petitioner and took judicial notice of the court evaluator's report, but took no testimony. The Surrogate then granted the petition, determining that the AIP is an incapacitated person and appointing petitioner as his guardian. At the request of petitioner's counsel, the Surrogate also invalidated the annuity disclaimer signed by the AIP, even though the petition did not seek that relief. An order and judgment granting that relief was thereafter entered, and objectants appealed.

Initially, we reject petitioner's contention that objectants are not aggrieved by the order and judgment and thus lack standing to appeal. A person is aggrieved and has standing to appeal if he or she "has a direct interest in the controversy which is affected by the

result and . . . the adjudication has a binding force against the rights, person or property of the party or person seeking to appeal" (*Matter of Grace R.*, 12 AD3d 764, 765 [internal quotation marks omitted]; *see Matter of Harold W.S. [Mark P.—Lauralyn W.]*, 134 AD3d 724, 724). Here, objectants are aggrieved by the nullification in the order and judgment of the annuity disclaimer, in which objectants had a direct financial interest.

We agree with objectants that the Surrogate erred in dismissing the cross petition based on lack of standing. We conclude that objectants, the AIP's and petitioner's adult siblings, are "person[s] otherwise concerned with the welfare of the [AIP]" (Mental Hygiene Law § 81.06 [a] [6]), and were entitled to notice pursuant to section 81.07 (g) (1) (i). Objectants are therefore proper parties to this proceeding (*see Matter of Astor*, 13 Misc 3d 862, 866-867), with the right to present evidence, call witnesses, cross-examine witnesses, and be represented by counsel (*see* § 81.11 [b]; *Matter of Eggleston [Muhammed]*, 303 AD2d 263, 266). Further, the petition did not seek to have the annuity disclaimer signed by the AIP invalidated, and objectants reasonably expected that the issue of the disclaimer's validity would be resolved in the federal interpleader action that was commenced to address that issue. Given objectants' financial interest in the validity of the disclaimer, "[t]he failure . . . to provide notice that the issue of the validity of the [disclaimer] was to be an object of the proceeding[] deprived [objectants] of notice and an opportunity to be heard" (*Matter of Lucille H.*, 39 AD3d 547, 549; *see Matter of Dandridge*, 120 AD3d 1411, 1413-1414). We also conclude that the cross petition, which, contrary to the Surrogate's conclusion, sought relief in the alternative, should not have been dismissed for failure to state a cause of action.

Objectants next contend, and petitioner correctly concedes, that the Surrogate erred in failing to appoint independent counsel for the AIP or to inform the AIP of his right to counsel. Mental Hygiene Law § 81.10 (c) (5) requires a court to appoint counsel when a petition requests the appointment of a temporary guardian unless the court is satisfied that the AIP is represented by counsel of his or her own choosing. Here, the Surrogate failed to appoint counsel for the AIP when petitioner was appointed temporary guardian, and there is no basis in the record to conclude that the Surrogate was satisfied that the AIP, who indeed was alleged in the petition to be incompetent, was represented by counsel of his own choosing. Petitioner also correctly concedes that, at the hearing in this guardianship proceeding, the Surrogate was required to explain to the AIP, on the record, that he had the right to have counsel appointed (*see* § 81.11 [e]), and the Surrogate failed to do so.

We cannot agree with petitioner that the Surrogate's errors are harmless based on the AIP's agreement to her appointment as guardian (*cf. Matter of Gladwin*, 35 AD3d 1236, 1237). The petition itself avers that the AIP is "easily influenced and persuaded by others" and that the disclaimer is invalid in part because the AIP "did not have the benefit of his own independent counsel" before signing the disclaimer. In our view, the failure to appoint independent counsel

for the AIP renders it impossible to determine whether the AIP's agreement to petitioner's appointment as guardian was an informed decision.  We therefore reverse the order and judgment, reinstate the cross petition and remit the matter to Surrogate's Court for appointment of counsel for the AIP and further proceedings on the petition and cross petition.

Finally, we conclude that the Surrogate erred in denying, without a hearing, objectants' motion to disqualify the law firm representing petitioner.  That law firm represented the AIP in the federal interpleader action, and previously appeared on behalf of both the AIP and petitioner in this guardianship proceeding.  Although, as noted, independent counsel must be appointed for the AIP, it is not clear on this record whether the interests of petitioner and the AIP are materially adverse; whether the AIP is capable of giving informed consent in writing to such representation in light of his alleged incapacity; and whether the AIP imparted confidential information to the law firm that could be used to the AIP's disadvantage (*see* Rules of Professional Conduct [22 NYCRR 1200.0] rule 1.9; *Matter of Strasser*, 129 AD3d 457, 457-458; *Matter of Wogelt*, 171 Misc 2d 29, 34-36).  Thus, we further remit the matter to Surrogate's Court to determine the disqualification motion following a hearing.

In light of our determination, we do not address objectants' remaining contentions.

Entered:  July 8, 2016                      Frances E. Cafarell
                                            Clerk of the Court