Matter of Sherneika B. (2019 NY Slip Op 03042)





Matter of Sherneika B.


2019 NY Slip Op 03042


Decided on April 24, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on April 24, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
JOHN M. LEVENTHAL
SYLVIA O. HINDS-RADIX
COLLEEN D. DUFFY, JJ.


2017-13283
 (Index No. 109053/01)

[*1]In the Matter of Sherneika B. (Anonymous). Winston Spencer Waters, etc., appellant; Maureen Brewster, respondent, et al., nonparty-respondents.


Winston Spencer Waters, Brooklyn, NY, appellant pro se.



DECISION & ORDER
In a proceeding pursuant to Mental Hygiene Law article 81, William Spencer Waters, as trustee and guardian of the property of Sherneika B., an incapacitated person, appeals from an order of the Supreme Court, Kings County (Leon Ruchelsman, J.), dated November 15, 2017. The order granted the application of the Court Examiner for the appointment of a forensic accountant as accountant for William Spencer Waters in preparing the annual accounting reports for the trust.
ORDERED that on the Court's own motion, the notice of appeal from the order is deemed to be an application for leave to appeal, and leave to appeal is granted (see CPLR 5701[c]); and it is further,
ORDERED that the order is reversed, on the law, without costs or disbursements.
The appellant has served as trustee and guardian of the property of the incapacitated person since 2001, and filed annual accounting reports for each year since that time. The order appealed from was issued upon the request of the Court Examiner for the appointment of a certified public accountant, without any formal notice to the appellant or any opportunity for the appellant to respond to the request. The stated reason for the appointment was the alleged failure of the appellant to submit an annual accounting report for 2016 in "due form." In email communications between the appellant and the Court Examiner, the Court Examiner indicated that the appointment of a certified public accountant was necessary due to the complexities of the accounts. The accounting filed by the appellant for 2016 indicated that he did hire a certified public accountant for tax services.
Under the circumstances of the case, the appointment of a forensic accountant, without a conference, motion, or hearing, deprived the appellant of an opportunity to be heard (see Matter of Lucille H., 39 AD3d 547), and, in any event, the determination that the services of a forensic accountant were needed is not supported by the record. Accordingly, we reverse the order.
DILLON, J.P., LEVENTHAL, HINDS-RADIX and DUFFY, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court