Matter of Muser (Brook) (2021 NY Slip Op 03913)





Matter of Muser (Brook)


2021 NY Slip Op 03913


Decided on June 17, 2021


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: June 17, 2021

Before: Manzanet-Daniels, J.P., Kapnick, González, Shulman, JJ. 


Index No. 500123/19 Appeal No. 14093 Case No. 2020-04570 

[*1]In the Matter of Howard Muser Petitioner, For the Appointment of a Guardian for the Person and Property of Judith Brook, an Alleged Incapacitated Person. Adam Brook, M.D., Ph.D., Cross-Petitioner-Appellant, Howard Muser, Petitioner-Respondent. Dr. Judith Brook, Conservatee, Joseph Ruotolo, Guardian Ad Litem-Respondent, Ira Salzman, Court Examiner-Respondent, Nicole Fleur Hazard Brook, Third-Party Petitioner, Ian Seth Shainbrown et al., Claimants-Respondents, James Stuart Kaplan, Claimant.


Rachel Schulman, PLLC, Great Neck (Rachel Schulman of counsel), for appellant.
Huth Reynolds LLP, Huntington (Karl Huth of counsel) and The Shainbrown Firm LLC, New York (Ian Shainbrown of counsel) for Howard Muser, Ian Seth Shainbrown and Karl C. Huth, respondents.



Order, Supreme Court, New York County (Kelly O'Neill Levy, J.), entered May 28, 2020, which directed the temporary guardian of the deceased incapacitated person, Dr. Judith Brook, to retain $500,000 from her funds for the payment of administrative expenses related to her guardianship, including legal fees, unanimously affirmed, with costs.
Despite the death of the incapacitated person on March 15, 2020, the court maintained the power to award attorneys' fees in connection with the guardianship proceedings and direct the guardian to retain funds to pay such fees (see Matter of Marion C.W. [Lisa K.], 83 AD3d 1087 [2d Dept 2011], lv dismissed 18 NY3d 873 [2012]); see also Matter of Dandridge, 120 AD3d 1411, 1414 [2d Dept 2014]). Moreover, the court was involved in the guardianship proceedings since their commencement in May 2019 and has familiarity with the proceedings and the conduct of all parties involved; thus, it is in the best position to determine the fee awards.
Contrary to cross-petitioner's arguments, the court may also award reasonable attorneys' fees to petitioner's privately retained counsel, as the guardianship application was granted before her death (see Matter of Marion C.W. [Lisa K.], 83 AD3d 1087; cf. Matter of Enna D., 30 AD3d 518, 518-519 [2d Dept 2006]). In addition, cross- petitioner's argument that Mental Hygiene Law § 81.44(d)(3) mandates transfer of the question of administrative expenses related to the guardianship to the Surrogate's Court is unpersuasive, as Supreme Court has concurrent jurisdiction with the Surrogate's Court (see Kaminester v Foldes, 51 AD3d 528, 529 [1st Dept 2008]), and Mental Hygiene Law § 81.44(d)(3) cannot be read to "oust the Supreme Court from jurisdiction or limit the scope of its authority" (Pollicina v Misericordia Hosp. Med. Ctr., 82 NY2d 332, 338-339 [1993]). This is particularly true where, as here, the issue before the court (i.e., the attorneys' fees) is unrelated to the administration of the estate and Supreme Court is in a better position to award such fees (cf. Benjamin v Morgan Guar. Trust Co. of N.Y., 173 AD2d 373, 374 [1st Dept 1991]).
We have considered the parties' remaining contentions and find them unavailing.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: June 17, 2021