Matter of Muser (J.B.) (2024 NY Slip Op 06303)

Matter of Muser (J.B.)

2024 NY Slip Op 06303

Decided on December 17, 2024

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: November 17, 2024

Before: Manzanet-Daniels, J.P., Webber, Moulton, Rodriguez, Rosado, JJ. 

Index No. 500123/19 Appeal No. 3260 Case No. 2023-05051 

[*1]In the Matter of Howard Muser, Petitioner, For the Appointment of a Guardian of the Person and Property of J.B., an Incapacitated Person.

Estate of J.B., Appellant, A.B., Objectant-Appellant,
Howard Muser, et. al, Claimants-Respondents.

Law Offices of Daniel W. Isaacs, P.L.L.C., Mount Kisco (Daniel W. Isaacs of counsel), for Estate of J.B., appellant.
A.B., appellant pro se.
Huth Reynolds LLP, Huntington, (Karl C. Huth of counsel), for Howard Muser, Karl C. Huth and Ian Shainbrown, respondents.
Ira Salzman, New York, respondent pro se.
Meenan & Associates, LLC, New York (Lissett C. Ferreira of counsel), for Joseph Ruotolo, respondent.

Order, Supreme Court, New York County (Kelly O'Neill Levy, J.), entered September 13, 2023, which, inter alia, awarded the sum of $56,240, plus disbursements, to Joseph Ruotolo for services rendered as guardian of the person and property of J.B., to be paid by the Estate of J.B. (Estate); awarded the estate of Margaret Crowley the sum of $5,000 for services rendered as court evaluator, to be paid by the Estate; awarded Ira Salzman the sum of $19,910, plus disbursements, for services rendered as successor court evaluator, to be paid by the Estate; awarded Kenneth Barocas the sum of $4,218.75 for services rendered as successor appointed attorney for J.B, to be paid by the Estate; awarded Huth Reynolds LLP the sum of $37,380, plus disbursements, and The Shainbrown Firm LLC the sum of $46,070, plus disbursements, for their services as attorneys for petitioner Howard Muser, to be paid by the Estate; awarded the sum of $36,120, plus disbursements, to Referee Lewis Fishlin, to be paid by the Estate; and awarded the sum of $3,375 to Richard Guilfoyle, CPA, to be paid by the Estate, in connection with preparing the schedules for the final accounting, unanimously affirmed, with costs.
The Estate's challenge to the merits of the January 3, 2020 guardianship order is moot due to the death of the incapacitated person. Appellants do not assert any mootness exceptions. In any event, the issues raised in this guardianship proceeding are unique to this case and do not involve novel, substantial, or recurring matters of public interest (see Matter of Hearst Corp. v Clyne , 50 NY2d 707, 714-715 [1980]; see also Matter of Foley [Messina] , 150 AD2d 884, 884-885 [3d Dept 1989]).
Appellants cite no apposite authority for their argument that it is unconstitutional to require an incapacitated person's estate to pay reasonable fees associated with a guardianship proceeding. Here, the Article 81 court carefully evaluated the fees sought by the guardian, the court evaluators, and the attorneys and other professionals involved in the matter. It reviewed the necessity of the work, the adequacy of the documentation, the fairness of the hourly rates charged, and reduced some of the requested fees. 
We have considered the remaining contentions and find them unavailing.
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: November 17, 2024