Matter of Muser (2025 NY Slip Op 00478)

Matter of Muser

2025 NY Slip Op 00478

Decided on January 30, 2025

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: January 30, 2025

Before: Kern, J.P., Singh, Kennedy, Rodriguez, Michael, JJ. 

Index No. 500123/19 Appeal No. 3589 Case No. 2024-02318 

[*1]In the Matter of Howard Muser, Petitioner-Respondent, For the Appointment of a Guardian for the Person and Property of J.B., etc.
Adam Brook, Cross-Petitioner-Appellant,
Howard Muser, Petitioner-Respondent.
Estate of J.B., Appellant, Joseph C. Ruotolo, Guardian Ad Litem-Respondent, Ira Salzman, Court Examiner-Respondent, Nicole Flelir Hazard Brook, Third-Party Petitioner, Ian Seth Shainbrown et al., Claimants-Respondents, Lisa Friedman, Claimant.

Law Offices of Daniel W. Isaacs, PLLC, Mount Kisco (Daniel W. Isaacs of counsel), for appellants.
Adam Brook, appellant pro se.
Meenan & Associates, LLC, New York (Lissett C. Ferreira of counsel), for Joseph C. Ruotolo, respondent.

Order, Supreme Court, New York County (Lisa A. Sokoloff, J.), entered March 1, 2024, which, inter alia, granted the motions of the temporary guardian of the deceased incapacitated person (IP) to retain funds from the guardianship estate to cover attorneys' fees related to a prior appeal to this Court from an order settling the guardian's final account and an appeal of the dismissal of a federal action brought against him by the IP's estate and her son, Adam Brook, unanimously affirmed, with costs.
By order entered May 28, 2020 and pursuant to Mental Hygiene Law § 81.44(e), Supreme Court directed the guardian to withhold $500,000 from the IP's guardianship estate for the payment of administrative fees related to her guardianship, including attorneys' fees. Brook appealed, and we affirmed, finding that "[d]espite the death of the [IP] on March 15, 2020, the court maintained the power to award attorneys' fees in connection with the guardianship proceedings and direct the guardian to pay such fees (see Matter of Muser [Brook], 195 AD3d 520, 521 [1st Dept 2021]).
On June 17, 2020, the guardian moved to settle a final accounting, approve commissions to himself as guardian, and approve legal fee awards for his services and those of other attorneys (see Mental Hygiene Law § 81.44[d] [within 150 days of the death of the IP, "the guardian shall serve upon the personal representative of the decedent's estate . . . a statement of assets and notice of claim, and, except for property retained to secure any known claim, lien or administrative costs of the guardianship, shall deliver all guardianship property" to the estate's representative]).
By order entered September 13, 2023, Supreme Court granted the guardian's motion to settle his final account and directed him to pay certain legal and administrative fees and convey the balance of the guardianship estate to the IP's estate within 30 days. Much of these administrative fees were attorneys' fees associated with extensive litigation resulting from Brook's appeals of orders issued throughout this guardianship proceeding, as well as his pursuit of litigation in federal court.
During this 30-day period, Brook filed both an appeal of the dismissal of his federal action (see Brook v Ruotolo, 2024 WL 3912831 [2d Cir 2024])and an appeal to this Court from the order settling the final accounting (see Matter of Muser [J.B.], - AD3d -, 2024 NY Slip Op 06303 [1st Dept 2024]. The guardian's first order to show cause requesting additional funds for attorneys' fees associated with the federal appeal was filed on October 3, 2023, and his second requesting counsel fees in connection with the appeal to this Court was filed on October 20, 2023.
On March 1, 2024, Supreme Court granted the guardian's motions, allowing him to retain his chosen attorneys to represent him in both appeals and granting him permission to expend up to $75,000 for the handling of the appeals.
This appeal followed. Brook argues, inter alia, [*2]that Mental Hygiene Law § 81.44(e) does not allow a guardian to retain an IP's property after settlement of the final account, as it specifically states that a guardian may "retain, pending the settlement of the guardian's final account, guardianship property equal in value to the claim for administrative costs, liens and debts" (emphasis added).
This argument fails because a final accounting as to the administrative expenses was not settled, nor could it have been given Brook's actions. The $500,000 must have necessarily remained in the guardian's possession for 30 days upon the settlement of his final accounting, as he had to comply with the directives pertaining to the distribution of administrative fees contained in the September 13, 2023 order. During that 30-day period, the guardian learned of additional administrative expenses created by Brook's filing of the state and federal appeals. He then reasonably and promptly sought court approval, on notice, to apply an additional portion of the $500,000 to counsel fees resulting therefrom. Thus, Brook is the sole cause of these later-arising expenses, which the guardian could not have included in the final accounting within the statutory period, but nevertheless were properly sought because the final accounting was incomplete.
Finally, the counsel fees for both the state and federal appeals qualify as reasonably anticipated expenses connected to guardian's administration of the guardianship (Mental Hygiene Law § 81.44[e]; Matter of Shannon, 25 NY3d 345, 353 [2015]). Given Brook's history of extreme litigiousness, it was certainly reasonably foreseeable that he would also appeal both the settlement of the final accounting and the dismissal of his case in federal court, which challenged the guardianship proceeding as well as the guardian's performance.
Accordingly, Supreme Court properly granted the guardian's motions to retain additional property from the guardianship estate.
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: January 30, 2025