■ In the Matter of ARTHUR FELIX et al., as Conservators of MAX RUBENSTEIN, Appellants, v LINDA R. HERMAN, Respondent. [684 NYS2d 62] —Spain, J. Appeal from an order of the Supreme Court (Kane, J.), entered May 10, 1998 in Sullivan County, which, *inter alia*, granted respondent's motion to vacate a prior order of the court.

In August 1991, Supreme Court appointed petitioners as coconservators of the person and property of Max Rubenstein (hereinafter Rubenstein); petitioner Beatrice Rubenstein was Rubenstein's spouse and petitioner Arthur Felix was his stepson. The order also directed the coconservators to file a bond or undertaking in the amount of $100,000. In November 1991, a proceeding was commenced to have petitioners replaced as coconservators; respondent, who is Rubenstein's niece, joined in the proceeding. In September 1992, Supreme Court appointed respondent as coconservator to "act together with [petitioners] on all matters concerning the best interests of * * * Rubenstein except that [respondent] shall not be required to sign checks". Rubenstein died in October 1993 and respondent was appointed executor of his estate under his last will and testament.

Respondent thereafter requested that petitioners provide a final accounting of the conservatorship. A hearing was held in Supreme Court wherein petitioners indicated that the bulk of the assets held by them were transferred to a Medicaid trust in April 1993 pursuant to a plan of petitioners approved by Supreme Court (Williams, J.); it is undisputed that this plan was submitted to Supreme Court without notice to respondent. According to petitioners, the purpose of the Medicaid trust was to preserve Rubenstein's assets, while also designating income from the trust and any principal that might be required for the needs of Beatrice Rubenstein. In August 1994, petitioners made their application for a final accounting of the conservatorship.

In July 1997, respondent moved to vacate the order that approved the plan of petitioners, as coconservators, which created

the Medicaid trust and to have the trust declared void. In a well-reasoned decision Supreme Court, *inter alia*, vacated the order that created the trust agreement nunc pro tunc to April 14, 1993; reserved judgment on any unaccounted expenditures or withdrawals from the trust; and also found that petitioners did not renew the bond on the conservatorship for 1994, ordering petitioners to post and reinstate the bond immediately until petitioners submitted a final accounting of the trust. Petitioners appeal.

We now affirm. Initially, we agree with Supreme Court that petitioners' failure to serve respondent with their request to create the Medicaid trust warrants vacatur of the order that approved the plan. The court that rendered an order may vacate the order upon the motion of an interested party if there was "misconduct of an adverse party" (CPLR 5015 [a] [3]; *see*, Siegel, NY Prac § 429, at 653-654 [2d ed]). We reject petitioners' assertions that there was an in-court agreement with counsel for respondent and counsel for Rubenstein which limited respondent's role as a coconservator, and that a subsequent letter from petitioners' counsel to counsel for respondent and counsel for Rubenstein telling them "that he will not copy them on future correspondence with the court further substantiates * * * an in court agreement" somehow confirms the understanding among all parties that respondent did not have to be put on notice of proceedings affecting Rubenstein.

Upon our review of the record, it is clear that respondent never waived her right to notice. The order that appointed respondent as a coconservator merely provided that respondent did not have to sign checks; it did not relieve the remaining coconservators of their obligation to properly serve respondent in any further proceedings in this matter. Furthermore, there is no proof of an in-court agreement limiting respondent's role as a coconservator; the fact that respondent's counsel did not respond to a letter from petitioners' counsel, indicating that petitioners would not copy respondent on future correspondence relating to the conservatorship, is not proof of an agreement limiting respondent's role. In our view, Supreme Court properly granted respondent's request to vacate the order.

Next, as a conservator, a person is vested with the responsibility of managing the conservatee's property for the benefit of the conservatee, and those to whom the conservatee is legally obligated to support, and to do so in a manner consistent with the conservatee's intent, if he or she had the capacity to act (Mental Hygiene Law § 81.21 [a]; *see, e.g., Matter of John XX.*, 226 AD2d 79, 83-84, *lv denied* 89 NY2d 814). Here, Ruben-

stein's will provided that Beatrice Rubenstein, his wife, would receive $25,000 and his interest in their house, but that if she did not survive Rubenstein, her share would become a part of the residuary estate; notably, Felix Rubenstein's stepson, was not a beneficiary under Rubenstein's will. In contrast, the Medicaid trust provided that the assets of the trust would be used to provide for the needs of Beatrice Rubenstein. The record reveals that more than $250,000 was paid out of the trust for her benefit, which is substantially more than she would have received under Rubenstein's will. The trust further provided for a deduction from the trust property of an elective share (see, EPTL 4-1.1) constituting $30,000 plus one third of the remaining balance of the trust's principal, to the heirs at law of Beatrice Rubenstein, irrespective of whether she survived her husband. This provision allowed for the heirs of Beatrice Rubenstein to benefit from the elective share, a benefit which they would not have been able to obtain but for the trust.

Finally, we reject petitioners' contention that the doctrine of laches should bar respondent's motion to vacate the order that approved the creation of the Medicaid trust because the delay in moving to vacate prejudiced petitioners. It is well settled that "the defense of laches consists of an unreasonable delay by a plaintiff to the prejudice of the defendant" (*Weiss v Mayflower Doughnut Corp.*, 1 NY2d 310, 318; *see, Matter of Winne*, 232 AD2d 956, 958; *149 Clinton Ave. N. v Grassi*, 51 AD2d 502, 506-507). Here, the record reveals that respondent filed verified objections to the final accounting and, more specifically, objected to the establishment of the Medicaid trust and requested that the moneys placed in the trust together with any accrued interest be returned to the estate; notably, petitioners failed to reply to the objections raised by respondent. In our view, petitioners have failed to support their claim that the delay was unreasonable and, further, they have not established that their position detrimentally changed as a result of the delay.

Mercure, J. P., Peters, Carpinello and Graffeo, JJ., concur. Ordered that the order is affirmed, with costs.