■ In the Matter of MARION W. BURNS, an Incapacitated Person. EDWARD J. SALVO, JR., as Guardian of the Property of MARION W. BURNS, Respondent; THOMAS A. BURNS, JR., Appellant. [699 NYS2d 242] —Graffeo, J. Appeal from an order of the Supreme Court (Caruso, J.), entered November 6, 1998 in Schenectady County, which, in a proceeding pursuant to Mental Hygiene Law article 81, upon reargument, *inter alia*, adhered to its prior decision granting petitioner's motion for gift-giving.

On October 18, 1999, during the pendency of this appeal, Marion W. Burns (hereinafter Burns) died at the age of 84 while a resident of a nursing home. She was unmarried and had no children. Burns was adjudicated an incapacitated person under Mental Hygiene Law article 81 in July 1996. Petitioner was duly appointed the guardian of her property, and Helen Dufel and Christine Magruder were appointed to serve as co-guardians of her person. This appeal arises from a motion by petitioner to confirm $40,000 in gifts to be made to certain charitable organizations from Burns' estate. In 1968 Burns executed a last will and testament naming her brother, Thomas A. Burns, Sr. as her sole beneficiary. Since Burns' brother is now deceased, respondent, his son, apparently becomes the sole beneficiary of Burns' estate.

Respondent contends that a hearing on the gift-giving ap-

plication was conducted on September 10, 1998,[1] and by order dated September 30, 1998 Supreme Court authorized petitioner to make four $10,000 charitable gifts from Burns' assets.[2] Approximately one month later, Supreme Court granted respondent's motion for reargument but adhered to its original order.

On this appeal, respondent seeks vacatur of the order approving the gifts on the ground that he did not receive notice of the motion, thereby depriving him of an opportunity to participate and examine Burns at the September 1998 hearing. Respondent also claims that petitioner failed to establish by clear and convincing evidence the factors set forth in Mental Hygiene Law § 81.21 (d) in connection with the proposed gifts. In contrast, petitioner asserts that Supreme Court properly analyzed each of the statutory requirements and that Burns had previously testified that she did not wish her nephew to inherit her entire estate.[3] As guardian of Burns' property, petitioner further alleges that the proceedings before Supreme Court on reargument corrected any defect caused by the lack of notice to respondent.

A guardian's authority to transfer the assets of an incapacitated person to another is derived from Mental Hygiene Law § 81.21 (a). When a guardian seeks court approval of a transfer of assets, Mental Hygiene Law § 81.21 (c) provides that notice of the petition is to be given to certain persons, including at least one of the incapacitated person's living relatives in the nearest degree of kinship (*see*, Mental Hygiene Law § 81.07 [d] [1]), the presumptive distributees of the incapacitated person, and any person designated as a beneficiary in the incapacitated person's will whose rights or interests would be adversely affected by the relief sought in the petition. Because it is undisputed that respondent was Burns' closest living relative and the presumptive beneficiary of her will, he fell within the purview of the notice requirement. Additionally, although respondent was not named in her will, he may inherit Burns' estate by virtue of the antilapse statute (*see*, EPTL 3-3.3) or

---

**1.** Respondent did not include a copy of the hearing transcript, the petition or the accompanying affidavits in the record on appeal since he did not participate in the proceeding.

**2.** Gifts in the amount of $10,000 were authorized for the American Cancer Society, the Bishop's Annual Appeal, St. Joseph's Church and the Little Sisters of the Poor.

**3.** The transcript of an earlier proceeding conducted on June 5, 1997, which includes testimony by Burns, is part of the record before this Court. However, petitioner's brief cites language from a September 2, 1997 Supreme Court decision, apparently related to the June 1997 proceeding, which is not reproduced in the record on appeal.

the rules governing intestacy should her will be invalidated (*see*, EPTL 4-1.1 [a] [5]). Therefore, to the extent that the record herein reflects the pleadings and proceedings before Supreme Court,[4] we do not find that petitioner complied with the notification provisions of Mental Hygiene Law article 81 in seeking judicial approval of the proposed charitable gifts from Burns' assets. Despite the death of Burns, under these circumstances we are constrained to reverse that part of the order entered November 6, 1998 adhering to its prior decision and remit the matter for further proceedings before Supreme Court consistent with the statutory notice provisions (*see generally*, *Matter of Felix v Herman*, 257 AD2d 900). In light of the foregoing, we need not address respondent's remaining contentions.

Crew III, J. P., Spain, Carpinello and Mugglin, JJ., concur. Ordered that the order is modified, on the law, without costs, by reversing so much thereof as adhered to its prior order; motion denied to that extent and matter remitted to the Supreme Court for further proceedings not inconsistent with this Court's decision; and, as so modified, affirmed.

---

4. The deficiencies in the record, particularly the absence of Supreme Court's decision after reargument (*see*, CPLR 5526; 22 NYCRR 800.5 [a] [4]), impedes full and proper appellate review since we cannot adequately examine the extent of the proceedings before Supreme Court, including the nature of the legal arguments presented and the basis upon which the court upheld its original determination.