[707 NYS2d 695]

In the Matter of ELSIE B., a Person Alleged to be Incapacitated.
JOEL B., as Guardian of the Person and Property of ELSIE
B., Respondent; PHILIP LERNER, Appellant.

Third Department, May 11, 2000

## APPEARANCES OF COUNSEL

*McNamee, Lochner, Titus & Williams, P. C.,* Albany (*Timothy B. Thornton* of counsel), for appellant.

*Lefkowitz & Keefe, P. C.,* Albany (*Thomas K. Keefe* of counsel), for respondent.

## OPINION OF THE COURT

GRAFFEO, J.

The issue presented is whether a court is empowered under Mental Hygiene Law § 81.21 to authorize the guardian of an incapacitated person to exercise the right retained by the incapacitated person as settlor of a revocable inter vivos trust to modify the trust by adding cotrustees. Supreme Court answered in the affirmative. We agree.

In October 1994, Elsie B. created a revocable inter vivos trust of which she was the lifetime beneficiary. By the terms of the trust agreement, the trust was to cease upon her death, resulting in the distribution of the trust assets. A significant proportion of those assets, essentially "blue chip" stocks, were to be distributed to Elsie's family: 25% to her brother Lawrence B., 25% to Lawrence's wife and 25% each to their sons, petitioner and Jonathan B. In addition, specific cash distributions were directed to be made to designated individuals and charities.

As settlor of the trust, Elsie expressly retained the power to withdraw any or all trust property, to revoke the trust in whole or in part, and "to alter, amend and modify this Agreement in any and every respect." According to the trust agreement, these retained rights could be exercised after providing written notice to the trustees. Elsie designated three trustees to oversee the trust assets—herself, Lawrence and respondent, her attorney. In the event that Elsie became unable to serve as a trustee, the trust provided that "the Trustee or Trustees surviving her, shall be the sole Trustees."

Three years later, under Mental Hygiene Law article 81, Elsie was adjudicated to be an incapacitated person and was

deemed unable to manage her financial and personal affairs. By court order, Lawrence was appointed as her guardian with petitioner as standby guardian.[1]

In July 1998, Lawrence issued a "Notice of Alteration, Amendment and Modification of Trust," which indicated that pursuant to his appointment as Elsie's guardian and the powers reserved to Elsie as settlor of the trust, he was modifying the trust by naming his sons, Joel and Jonathan, as additional cotrustees. Respondent objected, asserting that Lawrence lacked the authority to add cotrustees and demanded that the notice be rescinded. Lawrence resigned as guardian in December 1998 due to illness and died a month later. Hence, petitioner became Elsie's sole guardian.

Thereafter, petitioner commenced this proceeding seeking an order validating Lawrence's exercise of Elsie's retained powers under the trust agreement and upholding the designation of himself and Jonathan as cotrustees with respondent. In the alternative, if Supreme Court determined that Lawrence lacked the authority to exercise the retained powers under his guardianship, petitioner requested that the commission be modified nunc pro tunc to include that authority, together with ratification of the appointment of the additional cotrustees. Supreme Court granted the application, holding that Lawrence's exercise of Elsie's retained rights fell within his broad powers.

On appeal, respondent's primary contention is that Supreme Court lacked the authority to grant a guardian the power to alter, amend or modify an inter vivos trust and that, according to the trust agreement, he became the sole trustee upon Lawrence's death.[2] Mental Hygiene Law § 81.21 contains a comprehensive but expressly nonexhaustive list of powers that may be granted a guardian depending on the needs and circumstances of the incapacitated person (see, Mental Hygiene Law § 81.21 [a]). Notably, a court is specifically empowered to authorize a guardian to "create revocable or irrevocable trusts

---

1. It is undisputed that Lawrence was appointed as guardian by an order dated October 7, 1997 and entered October 8, 1997; however, a copy of this order was not included in the record on appeal.

2. The existence of a durable power of attorney executed by Elsie in February 1996 was apparently not revealed to Elsie's family until respondent brought it to the attention of Supreme Court during this proceeding. Respondent did not argue that his appointment as Elsie's attorney-in-fact limited Supreme Court's power to authorize her guardian to act, nor does he articulate such a contention in his brief on appeal. Accordingly, that issue is not before us.

of property of the estate which may extend beyond the incapacity or life of the incapacitated person" (Mental Hygiene Law § 81.21 [a] [6]). The one limitation set forth in the statute is that a guardian may not execute a will or codicil on behalf of the incapacitated person. But for that exception, it appears the statute permits a court to authorize a guardian to exercise virtually any right that the incapacitated person could exercise if he or she had the requisite capacity.

Clearly, the power to modify the trust by adding cotrustees falls within the ambit of powers retained by Elsie as settlor of the trust. Because Elsie retained the right to modify the trust in this manner, Supreme Court could authorize Lawrence, her guardian, to exercise that right on her behalf. Moreover, Supreme Court, in construing its prior decision, clarified that the powers it granted Lawrence in the guardianship commission included the power to exercise any right Elsie retained as settlor of the trust, which encompassed the right to add cotrustees.

In the face of opposition from respondent as a cotrustee, the better practice would have been for Lawrence to petition Supreme Court for approval prior to adding the cotrustees. In any event, we decline to disturb either the court's grant of power or its ratification of the manner in which this authority was exercised by the guardian. Supreme Court, having previously found that Elsie suffered a significant and permanent mental incapacity due to Alzheimer's disease, determined that she was unlikely to regain that capacity. The record reveals that at the time of trust creation, Elsie named her brother as cotrustee and the provisions of the trust reflect her desire to make her relatives significant objects of her bounty. Although there is language in the trust which indicates that Elsie may have contemplated the possibility of a sole trustee, it is equally evident that Elsie intended family involvement in the oversight of the management of her trust assets. Hence, we find that a competent and reasonable person in Elsie's position would have likely considered family members as cotrustees and Supreme Court's determination to permit the addition of petitioner and Jonathan as cotrustees is consistent with the settlor's intentions.

We also find respondent's assertion that the addition of cotrustees is prohibited by EPTL 11-1.1 (b) (11) to be unavailing. The statute authorizes a surviving fiduciary, where two or more fiduciaries have been designated, to continue to act without the appointment of a successor fiduciary; it does not

prohibit a settlor, or one who acts on behalf of a settlor, from exercising retained powers to modify a trust by adding cotrustees. Similarly, respondent's claim that the trust modification was prohibited by SCPA 706 (1) and 1502 (1) and (2) is not relevant to the facts presented since the cotrustees were appointed by a guardian acting on behalf of a settlor according to rights expressly retained in the trust instrument, not by a court acting in lieu of a settlor or other appropriate fiduciary.

We have considered respondent's remaining contentions and find them to be without merit.

MERCURE, J. P., CREW III, PETERS and SPAIN, JJ., concur.

Ordered that the order is affirmed, without costs.