■ In the Matter of MARION W. BURNS, an Incapacitated Person. EDWARD J. SALVO, JR., as Guardian of the Property of MARION W. BURNS, Respondent; THOMAS A. BURNS, JR., Appellant. AMERICAN CANCER SOCIETY et al., Respondents. [731 NYS2d 537] —Peters, J. Appeal from an order of the Supreme Court (Caruso, J.), entered July 17, 2000 in Schenectady County, which, in a proceeding pursuant to Mental Hygiene Law article 81, *inter alia*, adhered to its prior decision granting petitioner's application for gift-giving.

The relevant facts pertaining to this appeal are contained in a previous decision of this Court (267 AD2d 755). Briefly, Marion W. Burns consented to the appointment of petitioner as guardian of her property pursuant to Mental Hygiene Law article 81. By a last will and testament executed in 1968, Burns named her brother as her sole beneficiary. Because he predeceased her, his son, respondent, became the sole beneficiary of her estate by virtue of the antilapse statute (*see,* EPTL 3-3.3; 267 AD2d 755, 755-756, *supra*).

Prior to Burns' death, petitioner, in connection with his role as guardian, moved to confirm a proposed distribution of $40,000 in charitable donations (*see,* 267 AD2d 755, *supra*). At a September 10, 1998 hearing on the gift-giving application, Burns testified in support thereof. Although she did not have a full appreciation of the extent of her assets which, at that time, approximated $500,000, she affirmed her intent to make a distribution of money to the charities listed by petitioner. After pointed questioning of her by Supreme Court, an order, dated September 30, 1998, authorized the distributions.

Thereafter, Supreme Court granted respondent's motion to reargue based upon petitioner's failure to have provided him with notice of the application. After oral argument, however, the court determined that no further hearings would be required and adhered to its original order, all of which was embodied in an order entered November 6, 1998. Respondent appealed seeking vacatur based upon this procedural infirmity and further advanced substantiative contentions. During the pendency of the appeal, Burns died. Upon our review, we opined that, despite her death, "we are constrained to reverse that part of the order entered November 6, 1998 adhering to its prior decision and remit the matter for further proceedings before Supreme Court consistent with the statutory notice provisions" (*id.,* at 757). Upon that basis, we declined to address respondent's substantiative contentions (*id.,* at 757).

Respondent again moved to vacate the September 30, 1998 order, which Supreme Court denied by order entered May 9,

2000. Pursuant to this Court's decision, however, Supreme Court held a rehearing on June 5, 2000. At the commencement of the rehearing, the court supplemented the record, without objection, with (1) transcripts of the May 31, 1996 guardianship hearing where respondent, represented by counsel, was seeking his appointment as Burns' guardian, (2) the June 5, 1997 gift-giving hearing pertaining to other distributions where respondent was represented by counsel and testimony of Burns was proffered to the court, (3) the September 10, 1998 gift-giving hearing regarding the $40,000 in donations where testimony of Burns was taken in her nursing home and neither respondent nor his representatives were present, and (4) the October 29, 1998 proceeding where the court entertained argument in support of respondent's application for reconsideration. At the rehearing where these transcripts were admitted, respondent's counsel only called petitioner as a witness. By order entered July 17, 2000, the court again approved the application. Respondent appeals.

Preliminarily, we dispense with any procedural claims again raised by respondent pertaining to the vacatur of the September 30, 1998 order. Since this issue was raised and reviewed by us in the prior appeal (*id.*, at 756), there exists no viable basis for further review (*see, New York TRW Tit. Ins. v Wade's Canadian Inn & Cocktail Lounge*, 255 AD2d 823, *lv denied* 93 NY2d 804). We further find no merit to respondent's belated contention that petitioner's authority was terminated by Burns' death such that further proceedings ordered by this Court warranted a transfer of the matter to Surrogate's Court. With Supreme Court and Surrogate's Court having concurrent jurisdiction over a decedent's estate (*see, Benjamin v Morgan Guar. Trust Co.*, 173 AD2d 373, 374; *Berger v Ickovicz*, 175 Misc 2d 677, 679), the matter was properly continued in Supreme Court, especially in the absence of proper motions therein seeking a transfer (*see,* CPLR 325 [e]).

We also reject respondent's contention that petitioner failed to present "clear and convincing evidence" supporting each of the factors enumerated in Mental Hygiene Law § 81.21 (d). While Supreme Court should consider the enumerated factors, it is not required to do so by clear and convincing evidence. Moreover, with Mental Hygiene Law § 81.21 (a) specifically stating that "[t]ransfers made pursuant to this article may be in any form that the incapacitated person could have employed if he or she had the requisite capacity," we reject respondent's further contention that petitioner was without authority to gift entities which were not beneficiaries of her estate since Burns

could have chosen to make an inter vivos gift to such charities (*see, Matter of Elsie B.*, 265 AD2d 146, 149). Finally addressing the contention that Supreme Court failed to make required findings of fact pursuant to Mental Hygiene Law § 81.21 (e), our review of the full record (*compare*, 267 AD2d 755, 756 nn 1, 3, 757 n 4, *supra*) establishes that all necessary requirements were met to properly effect the transfer.

"[I]n enacting Mental Hygiene Law article 81, the Legislature gave statutory recognition to the common-law doctrine of 'substituted judgment' " (*Matter of John XX.*, 226 AD2d 79, 83, *lv denied* 89 NY2d 814) by expressly authorizing transfers of this kind if it can be shown, by clear and convincing evidence, that these transfers would have been made by Burns during her lifetime if she had the requisite capacity (*see*, Mental Hygiene Law § 81.21 [a]; *see also, Matter of Shah*, 95 NY2d 148, 159-160); the evidence at the rehearing confirmed Supreme Court's original determination. Petitioner repeatedly testified that he had conversations with Burns regarding the proposed gifts and the charities selected and that at no time did Burns attempt to repudiate them. She further opposed leaving her assets to the nursing home for repayment of her expenses or wholly to respondent upon her death. Although prior hearing evidence indicated that Burns had not been in the habit of making charitable donations, she had regularly given to her church and was committed to other related religious organizations.

Next, employing a standard of reasonableness (*see, Matter of Pflueger*, 181 Misc 2d 294, 299), we find that the record evidence establishes that a competent and reasonable individual in Burns' position would likely have performed the same act (*see*, Mental Hygiene Law § 81.21 [e] [2]). Burns was wholly aware that respondent was to be her sole surviving heir. Evidence adduced at various hearings clearly established that she did not intend to leave him her entire estate since she was aware of allegations, revealed during the May 31, 1996 hearing, that he stole money from her. Her feelings for respondent were confirmed by her later refusal to transfer to him, for a nominal fee, her interest in the home that she co-owned with her brother.

With the record also reflecting that Burns "ha[d] not manifested an intention inconsistent with the performance of the act or acts for which approval has been sought at some earlier time when * * * she had the requisite capacity" (Mental Hygiene Law § 81.21 [e] [3]), and that the court gave "meaningful deference to [her] wishes" (*Matter of Pflueger, supra*, at

300), we find that the record supports Supreme Court's findings that the gifts were within her means, would not endanger her ability to be self-supporting and that respondent, as Burns' sole surviving heir, was not the natural object of her bounty. Despite respondent's contention that neither the order nor the decision appealed properly articulated those findings (*see*, Mental Hygiene Law § 81.21 [e]), no remittal is necessary (*see*, *Matter of Kaitlyn R.*, 279 AD2d 912, 914) since we have the authority to render the judgment warranted by this record (*see, e.g.*, *Town of Dresden v Voutyras*, 244 AD2d 779, 780).

Mercure, J. P., Spain, Carpinello and Lahtinen, JJ., concur. Ordered that the order is affirmed, without costs.