THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v LAMAR T. ANDERSON, Appellant. [951 NYS2d 448]—

Memorandum: Defendant appeals from a judgment convicting him upon his plea of guilty of sexual abuse in the first degree (Penal Law § 130.65 [1]). Defendant failed to preserve for our review his contention that County Court failed to conduct a sufficient inquiry pursuant to *People v Outley* (80 NY2d 702 [1993]) into his violation of the conditions of the plea agreement before imposing an enhanced sentence (*see generally People v Vaillant*, 77 AD3d 1389, 1389-1390 [2010]; *People v Dietz*, 66 AD3d 1400, 1400 [2009], *lv denied* 13 NY3d 906 [2009]). Further, inasmuch as defendant conceded that he had lost his sentence cap because of a violation of the conditions of his plea agreement, the court had no independent duty to conduct such an inquiry (*see People*

*v Harris,* 197 AD2d 930, 930 [1993], *lv denied* 82 NY2d 850 [1993]). To the extent that defendant's further contention that he was denied effective assistance of counsel survives his plea of guilty (*see People v Hawkins,* 94 AD3d 1439, 1440-1441 [2012], *lv denied* 19 NY3d 974 [2012]), we reject that contention. We conclude on the record before us that defendant received meaningful representation (*see generally People v Ford,* 86 NY2d 397, 404 [1995]). Contrary to defendant's additional contention, the sentence is not unduly harsh or severe. Present—Fahey, J.P., Peradotto, Carni and Sconiers, JJ.