In a guardianship proceeding in which Maya V, the guardian of the personal needs of Modesta V., an incapacitated person, petitioned pursuant to Mental Hygiene Law § 81.21, inter alia, to authorize the guardian of the property of Modesta V to implement an asset transfer plan, Maya V. appeals from an order of the Supreme Court, Kings County (King, J.), dated August 27, 2012, which denied the petition.
Ordered that the order is affirmed, without costs or disbursements.
In this guardianship proceeding, Maya V, the guardian of the personal needs of Modesta V, an incapacitated person, petitioned pursuant to Mental Hygiene Law § 81.21, inter alia, to authorize the guardian of the property of Modesta V. to implement an asset transfer plan that would result in the transfer of all of the assets of Modesta V to the daughter of Modesta V Maya V. claimed that the transfer would enable Modesta V to qualify for Medicaid. No other party, including the daughter of Modesta V. *1009 or the guardian of the property of Modesta V, submitted any papers in relation to the petition.
A court may grant a petition pursuant to Mental Hygiene Law § 81.21 to authorize a guardian to transfer a part of an incapacitated person’s assets to or for the benefit of another person if it is satisfied by clear and convincing evidence, inter alia, that “a competent, reasonable individual in the position of the incapacitated person would be likely to perform the act or acts under the same circumstances” (Mental Hygiene Law § 81.21 [e] [2]; see Matter of Shah [Helen Hayes Hosp.], 95 NY2d 148, 159-160 [2000]; Matter of Burns, 287 AD2d 862, 864 [2001]; Matter of John XX., 226 AD2d 79, 83 [1996]). Here, given the limited information provided by Maya V. in support of the petition, and the absence of any indication that the proposed asset transfer plan was approved by the guardian of the property of Modesta V., the Supreme Court providently exercised its discretion in denying the petition. Balkin, J.P., Hall, Lott and Miller, JJ., concur.