# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

797
KA 14-00471
PRESENT: SMITH, J.P., PERADOTTO, CARNI, VALENTINO, AND WHALEN, JJ.

---

THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,

V                                                    MEMORANDUM AND ORDER

WILLIAM M. COLLINS, DEFENDANT-APPELLANT.

---

THE LEGAL AID BUREAU OF BUFFALO, INC., BUFFALO (CAITLIN M. CONNELLY OF COUNSEL), FOR DEFENDANT-APPELLANT.

FRANK A. SEDITA, III, DISTRICT ATTORNEY, BUFFALO (DAVID A. HERATY OF COUNSEL), FOR RESPONDENT.

---

Appeal from a judgment of the Erie County Court (Michael F. Pietruszka, J.), rendered June 20, 2013. The judgment convicted defendant, upon his plea of guilty, of driving while intoxicated, a class D felony, and aggravated unlicensed operation of a motor vehicle in the first degree.

It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.

Memorandum: Defendant appeals from a judgment convicting him upon his plea of guilty of driving while intoxicated (DWI) as a class D felony (Vehicle and Traffic Law §§ 1192 [3]; 1193 [1] [c] [ii]) and aggravated unlicensed operation of a motor vehicle in the first degree, a class E felony (§ 511 [3] [a] [i]; [b]). We agree with defendant that his waiver of the right to appeal was invalid inasmuch as he pleaded guilty to both charges in the superior court information without a sentencing commitment (*see People v Meiner*, 20 AD3d 778, 778 n; *People v Coles*, 13 AD3d 665, 666), but we nevertheless reject his challenge to the severity of the sentence, particularly in view of defendant's numerous driving and alcohol-related offenses.

Although defendant's contention that he received ineffective assistance of counsel during the plea bargaining stage survives his plea of guilty to the extent that he contends that his plea was infected by the ineffective assistance (*see People v Neil*, 112 AD3d 1335, 1336, *lv denied* 23 NY3d 1040), defendant's contention is without merit (*see generally People v Ford*, 86 NY2d 397, 404). Although defense counsel did not negotiate a lower sentence for defendant and he was sentenced to the maximum indeterminate term for the DWI conviction, given defendant's long history of drinking and driving offenses and the serious nature of the instant offense, it was unlikely that the court or the People would have extended a plea

offer.  "Counsel will not be deemed ineffective for the failure to pursue a course of negotiation that was, at best, 'dubious' " (*People v Dimick*, 223 AD2d 808, 809, *lv denied* 89 NY2d 1034).

We reject defendant's contention that defense counsel's comments at the sentencing hearing rendered him ineffective.  "Even assuming, arguendo, that the attorney took a position adverse to defendant, we conclude that reversal is not warranted because the statements did not 'contribute to any rulings against defendant' " (*People v Winters*, 82 AD3d 1691, 1692, *lv denied* 17 NY3d 810).

Defendant's contention that defense counsel was ineffective because defendant was misled into believing that he would benefit from the plea cannot be reviewed on direct appeal inasmuch as it is based on matters outside the record (*see People v Davis*, 119 AD3d 1383, 1384, *lv denied* 24 NY3d 960).

Entered:  June 19, 2015                     Frances E. Cafarell
                                            Clerk of the Court