# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**459**

**KA 14-00752**

PRESENT: PERADOTTO, J.P., CARNI, LINDLEY, CURRAN, AND TROUTMAN, JJ.

---

THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,

V                                                    MEMORANDUM AND ORDER

DEBORA K. GRAMZA, DEFENDANT-APPELLANT.
(APPEAL NO. 1.)

---

THE LEGAL AID BUREAU OF BUFFALO, INC., BUFFALO (SHERRY A. CHASE OF COUNSEL), FOR DEFENDANT-APPELLANT.

MICHAEL J. FLAHERTY, JR., ACTING DISTRICT ATTORNEY, BUFFALO (DANIEL J. PUNCH OF COUNSEL), FOR RESPONDENT.

---

Appeal from a judgment of the Erie County Court (Kenneth F. Case, J.), rendered January 22, 2014. The judgment convicted defendant, upon her plea of guilty, of grand larceny in the second degree and falsifying business records in the first degree.

It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.

Memorandum: In appeal No. 1, defendant appeals from a judgment convicting her upon her plea of guilty of grand larceny in the second degree (Penal Law § 155.40 [1]) and falsifying business records in the first degree (§ 175.10). Contrary to defendant's contention, the record establishes that she knowingly, voluntarily, and intelligently waived the right to appeal (*see generally People v Lopez*, 6 NY3d 248, 256; *People v Frank*, 258 AD2d 900, 900-901, *lv denied* 93 NY2d 924), and that valid waiver forecloses any challenge by defendant to the severity of the sentence (*see Lopez*, 6 NY3d at 255; *see generally People v Lococo*, 92 NY2d 825, 827; *People v Hidalgo*, 91 NY2d 733, 737).

In appeal No. 2, defendant appeals from a judgment convicting her upon her plea of guilty of offering a false instrument for filing in the first degree (Penal Law former § 175.35). We agree with defendant that her waiver of the right to appeal was invalid inasmuch as she pleaded guilty to the sole count in the superior court information without receiving a sentencing commitment or any other consideration (*see People v Collins*, 129 AD3d 1676, 1676, *lv denied* 26 NY3d 1038; *cf. Frank*, 258 AD2d at 900-901), but we nevertheless reject her

challenge to the severity of the sentence.

Frances E. Cafarell
Clerk of the Court