# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**157**

**KA 15-01101**

PRESENT: SMITH, J.P., CARNI, LINDLEY, DEJOSEPH, AND NEMOYER, JJ.

---

THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,

V                                                    MEMORANDUM AND ORDER

DWIGHT MITCHELL, DEFENDANT-APPELLANT.

---

THE LEGAL AID BUREAU OF BUFFALO, INC., BUFFALO (SHERRY A. CHASE OF COUNSEL), FOR DEFENDANT-APPELLANT.

MICHAEL J. FLAHERTY, JR., ACTING DISTRICT ATTORNEY, BUFFALO (MATTHEW B. POWERS OF COUNSEL), FOR RESPONDENT.

---

Appeal from a judgment of the Erie County Court (Thomas P. Franczyk, J.), rendered September 20, 2012. The judgment convicted defendant, upon his plea of guilty, of robbery in the second degree.

It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.

Memorandum: On appeal from a judgment convicting him upon a plea of guilty of robbery in the second degree (Penal Law § 160.10 [1]), defendant contends that County Court failed to abide by the procedures set forth in *People v Middlebrooks* (25 NY3d 516) and CPL 720.10 in determining whether to grant him youthful offender status. We reject that contention. First, *Middlebrooks* addresses procedures for when a defendant "has been convicted of an armed felony or an enumerated sex offense" (25 NY3d at 527). It is undisputed that robbery in the second degree under Penal Law § 160.10 (1) is neither an armed felony (*see* CPL 1.20 [41]; *People v Thomas*, 202 AD2d 525, 526, *lv denied* 83 NY2d 915; *People v Walker*, 189 AD2d 564, 564, *lv denied* 81 NY2d 978) nor an enumerated sex offense. Second, inasmuch as defendant was otherwise an "eligible youth" (CPL 720.10 [2] [a] - [c]), the court fulfilled its statutory duty by making an on-the-record determination denying defendant's request for youthful offender treatment (*see* CPL 720.20 [1]; *People v Rudolph*, 21 NY3d 497, 499).

The People correctly concede that the waiver of the right to appeal is not valid "inasmuch as [defendant] pleaded guilty to the sole count in the superior court information without receiving a sentencing commitment or any other consideration" (*People v Gramza*, 140 AD3d 1643, 1644, *lv denied* 28 NY3d 930; *see People v Collins*, 129 AD3d 1676, 1676, *lv denied* 26 NY3d 1038). The waiver thus does not preclude defendant's challenges to the severity of the sentence. We

nevertheless conclude that the sentence is not unduly harsh or severe.