# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

604
KA 16-02041
PRESENT: WHALEN, P.J., SMITH, CENTRA, PERADOTTO, AND SCUDDER, JJ.
_____

THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,

                          V                          MEMORANDUM AND ORDER

PAUL J. BLARR, DEFENDANT-APPELLANT.
(APPEAL NO. 1.)
_____

EVAN LUMLEY, BUFFALO, FOR DEFENDANT-APPELLANT.

JOHN J. FLYNN, DISTRICT ATTORNEY, BUFFALO (JULIE BENDER FISKE OF
COUNSEL), FOR RESPONDENT.
_____

Appeal from a judgment of the Erie County Court (Michael F. Pietruszka, J.), rendered January 14, 2015. The judgment convicted defendant, upon his plea of guilty, of scheme to defraud in the first degree and grand larceny in the third degree (10 counts).

It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.

Memorandum: In appeal No. 1, defendant appeals from a judgment convicting him upon his plea of guilty of one count of scheme to defraud in the first degree (Penal Law § 190.65 [1] [a]) and 10 counts of grand larceny in the third degree (§ 155.35 [1]). In appeal No. 2, defendant appeals from a judgment convicting him upon his plea of guilty of two counts of scheme to defraud in the first degree (§ 190.65 [1] [a]), and one count each of grand larceny in the third degree (§ 155.35 [1]) and grand larceny in the fourth degree (§ 155.30 [1]). With respect to both appeals, the record establishes that defendant knowingly, intelligently, and voluntarily waived his right to appeal (*see People v Anderson*, 144 AD3d 1614, 1614, *lv denied* 28 NY3d 1181; *People v Carney*, 129 AD3d 1511, 1511, *lv denied* 27 NY3d 994). The valid waivers of the right to appeal with respect to both the conviction and sentence encompass defendant's challenges to the severity of the sentences (*see People v Lopez*, 6 NY3d 248, 255-256; *People v Hidalgo*, 91 NY2d 733, 737; *cf. People v Maracle*, 19 NY3d 925, 928).

Defendant contends that he was denied effective assistance of counsel with respect to both appeals. To the extent that defendant's contention survives his guilty pleas and waivers of the right to appeal (*see People v Collins*, 129 AD3d 1676, 1676-1677, *lv denied* 26 NY3d 1038), it is without merit. We conclude on the record before us that defendant was afforded meaningful representation (*see People v*

*Davis*, 99 AD3d 1228, 1229, *lv denied* 20 NY3d 1010; *see generally People v Ford*, 86 NY2d 397, 404).

Entered:  April 28, 2017

Frances E. Cafarell
Clerk of the Court