People v Allen (2019 NY Slip Op 05890)





People v Allen


2019 NY Slip Op 05890


Decided on July 31, 2019


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on July 31, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: WHALEN, P.J., PERADOTTO, DEJOSEPH, CURRAN, AND WINSLOW, JJ.


480 KA 17-01322

[*1]THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,
v
KASSEEN ALLEN, DEFENDANT-APPELLANT. (APPEAL NO. 1.) 






THE LEGAL AID BUREAU OF BUFFALO, INC., BUFFALO (TIMOTHY P. MURPHY OF COUNSEL), FOR DEFENDANT-APPELLANT. 
JOHN J. FLYNN, DISTRICT ATTORNEY, BUFFALO (MATTHEW B. POWERS OF COUNSEL), FOR RESPONDENT. 


 Appeal from a judgment of the Erie County Court (Kenneth F. Case, J.), rendered May 3, 2016. The judgment convicted defendant, upon his plea of guilty, of attempted burglary in the second degree (two counts). 
It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.
Memorandum: In appeal No. 1, defendant appeals from a judgment convicting him upon his plea of guilty of two counts of attempted burglary in the second degree (Penal Law §§ 110.00, 140.25 [2]) and, in appeal No. 2, he appeals from a judgment convicting him upon his plea of guilty of one count of attempted burglary in the second degree (§§ 110.00, 140.25 [2]).
Defendant contends in each appeal that his waiver of the right to appeal is invalid because he did not receive any consideration in exchange therefor. We reject that contention. The record establishes that defendant received consideration inasmuch as the plea agreements resulted in defendant pleading guilty to reduced charges that satisfied several pending charges (see People v Frank, 258 AD2d 900, 900 [4th Dept 1999], lv denied 93 NY2d 924 [1999]; cf. People v Gramza, 140 AD3d 1643, 1643-1644 [4th Dept 2016], lv denied 28 NY3d 930 [2016]).
Contrary to defendant's further contention, the record establishes in each appeal that County Court engaged him in "an adequate colloquy to ensure that the waiver of the right to appeal was a knowing and voluntary choice . . . and informed him that the waiver was a condition of the plea agreement" (People v Krouth, 115 AD3d 1354, 1354-1355 [4th Dept 2014], lv denied 23 NY3d 1064 [2014] [internal quotation marks omitted]; see People v Miller, 161 AD3d 1579, 1579 [4th Dept 2018], lv denied 31 NY3d 1119 [2018]). In addition, the record establishes that defendant "read and understood the contents of the written waiver that he executed during [each] proceeding" (Miller, 161 AD3d at 1579; cf. People v Bradshaw, 18 NY3d 257, 265 [2011]). We thus conclude that " [t]he plea colloqu[ies], together with the written waiver[s] of the right to appeal executed by defendant, establish[ ] that defendant's waiver[s] of the right to appeal [were] knowingly, intelligently, and voluntarily entered' " (Miller, 161 AD3d at 1579; see People v Lopez, 6 NY3d 248, 256 [2006]). Contrary to defendant's contention, "there is no indication in the record that [his] age, experience, or background . . . rendered his waiver[s] of the right to appeal invalid" (People v Ruffins, 78 AD3d 1627, 1628 [4th Dept 2010]; see People v Scott, 144 AD3d 1597, 1598 [4th Dept 2016], lv denied 28 NY3d 1150 [2017]; see generally People v Sanders, 25 NY3d 337, 340-342 [2015]). Moreover, defendant's " monosyllabic affirmative responses to questioning by [the court] do not render his [waivers of the right to appeal] unknowing and involuntary' " (People v Harris, 94 AD3d 1484, 1485 [4th Dept 2012], lv denied 19 NY3d 961 [2012]; see People v Hand, 147 AD3d 1326, 1326-1327 [4th Dept 2017], lv denied 29 NY3d 998 [2017]).
Defendant's challenge in each appeal to the court's denial of youthful offender status does not survive his valid waiver of the right to appeal. "[W]hen a sentencing court has entirely abrogated its responsibility to determine whether an eligible youth (see CPL 720.10 [1], [2]) is entitled to youthful offender status, an appeal waiver [does] not foreclose [appellate] review of the court's failure to make that determination" (People v Pacherille, 25 NY3d 1021, 1023 [2015]; see People v Rudolph, 21 NY3d 497, 499 [2013]; People v Simmons, 159 AD3d 1270, 1271 [3d Dept 2018]). Here, however, defendant's contention that the court, in effect, entirely abrogated its responsibility to determine whether he was entitled to youthful offender status is belied by the record (see People v Cardona, 144 AD3d 936, 936 [2d Dept 2016]). The court properly treated defendant as an eligible youth (see CPL 720.10 [1], [2]; cf. People v Crimm, 140 AD3d 1672, 1673-1674 [4th Dept 2016]), but denied him youthful offender status upon consideration of "the gravity of the crime[s] and manner in which [they were] committed, mitigating circumstances, . . . defendant's attitude toward society and respect for the law," and the contents of the presentence reports (People v Cruickshank, 105 AD2d 325, 334 [3d Dept 1985], affd 67 NY2d 625 [1986]; see Cardona, 144 AD3d at 936). Thus, in each appeal, defendant's "valid waiver of the right to appeal . . . forecloses appellate review of [the] sentencing court's discretionary decision to deny youthful offender status" (Pacherille, 25 NY3d at 1024). The valid waiver of the right to appeal in each appeal also forecloses review of defendant's request that we exercise our interest of justice jurisdiction to adjudicate him a youthful offender (see People v Torres, 110 AD3d 1119, 1119 [3d Dept 2013], lv denied 22 NY3d 1044 [2013]; see generally Lopez, 6 NY3d at 255).
Finally, defendant's further challenge to the severity of the sentence in each appeal is foreclosed by his valid waiver of the right to appeal (see Lopez, 6 NY3d at 256).
Entered: July 31, 2019
Mark W. Bennett
Clerk of the Court