People v Schmidinger (2019 NY Slip Op 08324)





People v Schmidinger


2019 NY Slip Op 08324


Decided on November 15, 2019


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on November 15, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: CENTRA, J.P., LINDLEY, NEMOYER, CURRAN, AND WINSLOW, JJ.


1098 KA 18-00250

[*1]THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,
v
DAVID SCHMIDINGER, DEFENDANT-APPELLANT. 






FRANK H. HISCOCK LEGAL AID SOCIETY, SYRACUSE (NATHANIEL V. RILEY OF COUNSEL), FOR DEFENDANT-APPELLANT.
DAVID SCHMIDINGER, DEFENDANT-APPELLANT PRO SE.
WILLIAM J. FITZPATRICK, DISTRICT ATTORNEY, SYRACUSE (KENNETH H. TYLER, JR., OF COUNSEL), FOR RESPONDENT. 


 Appeal from a judgment of the Onondaga County Court (Robert L. Bauer, A.J.), rendered June 16, 2017. The judgment convicted defendant, upon his plea of guilty, of murder in the second degree. 
It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.
Memorandum: Defendant appeals from a judgment convicting him, upon his plea of guilty, of murder in the second degree (Penal Law
§ 125.25 [1]). Defendant correctly argues in his main brief that his waiver of the right to appeal is invalid because he pleaded guilty to the sole count of the indictment " without receiving a sentencing commitment or any other consideration' " (People v Mitchell, 147 AD3d 1361, 1362 [4th Dept 2017]; see People v Gramza, 140 AD3d 1643, 1643-1644 [4th Dept 2016], lv denied 28 NY3d 930 [2016]; People v Collins, 129 AD3d 1676, 1676 [4th Dept 2015], lv denied 26 NY3d 1038 [2015]). County Court's promise to consider imposing a sentence below the statutory maximum merely restated its preexisting statutory and common-law obligation to impose an appropriate legal sentence (see generally People v Farrar, 52 NY2d 302, 305-306 [1981]), and we agree with defendant that such a promise is the equivalent of no promise at all and cannot supply the consideration necessary to enforce a waiver of the right to appeal (see generally Ogdensburgh & Lake Champlain R.R. Co. v Vermont & Can. R.R. Co., 63 NY 176, 180 [1875]). As the Second Circuit explained in invalidating a waiver of the right to appeal under similar circumstances, such an illusory promise is not consideration for a waiver because it affords the defendant "no benefit . . . beyond what he would have gotten by pleading guilty without an agreement" (United States v Lutchman, 910 F3d 33, 37 [2d Cir 2018]). We nevertheless conclude that, contrary to defendant's contentions in his main and pro se supplemental briefs, the sentence is not unduly harsh or severe.
Entered: November 15, 2019
Mark W. Bennett
Clerk of the Court