People v Hawkey (2025 NY Slip Op 00569)

People v Hawkey

2025 NY Slip Op 00569

Decided on January 31, 2025

Appellate Division, Fourth Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on January 31, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: LINDLEY, J.P., CURRAN, OGDEN, NOWAK, AND DELCONTE, JJ.

868 KA 23-00653

[*1]THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,
v
ROBERT A. HAWKEY, DEFENDANT-APPELLANT. (APPEAL NO. 1.) 

LAW OFFICE OF VERONICA REED, SCHENECTADY (VERONICA REED OF COUNSEL), FOR DEFENDANT-APPELLANT.
BRITTANY GROME ANTONACCI, DISTRICT ATTORNEY, AUBURN (CHRISTOPHER T. VALDINA OF COUNSEL), FOR RESPONDENT. 

 Appeal from a judgment of the Cayuga County Court (Thomas G. Leone, J.), rendered March 9, 2023. The judgment revoked defendant's sentence of probation and imposed a sentence of imprisonment. 
It is hereby ORDERED that the judgment so appealed from is unanimously reversed on the law, the declaration of delinquency is vacated and the matter is remitted to Cayuga County Court for further proceedings in accordance with the following memorandum: In appeal No. 1, defendant appeals from a judgment revoking a sentence of probation previously imposed upon his conviction of burglary in the third degree (Penal Law § 140.20) and sentencing him to an indeterminate term of imprisonment of 1 to 3 years. In appeal No. 2, defendant appeals from a judgment revoking a sentence of probation imposed upon his conviction of criminal contempt in the first degree (Penal Law § 215.51 [b] [v]) and sentencing him to an indeterminate term of imprisonment of 1 to 3 years, to run concurrently with the sentence imposed in appeal No. 1. Both judgments were entered following a single hearing at which the People presented evidence that defendant violated the terms and conditions of his probationary sentences by committing a new crime.
As defendant contends, and the People correctly concede, the evidence at the hearing that he committed a criminal offense while on probation consisted entirely of hearsay testimony from a police investigator. "While hearsay is admissible at a probation revocation hearing, hearsay alone does not satisfy the requirement that a finding of a probation violation must be based upon a preponderance of the evidence" (People v Owens, 258 AD2d 901, 901 [4th Dept 1999], lv denied 93 NY2d 975 [1999]; see People v Paris, 145 AD3d 1530, 1531 [4th Dept 2016]). Based on this record, we conclude that County Court's determination "was based on hearsay alone and therefore cannot stand" (People v Hubel, 158 AD3d 539, 540 [1st Dept 2018]).
We therefore reverse the judgments and vacate the declaration of delinquency. Because defendant is serving a term of imprisonment on an unrelated conviction, we remit the matters to County Court for further proceedings not inconsistent with this decision. In light of our determination, we do not address defendant's remaining contention.
Entered: January 31, 2025
Ann Dillon Flynn
Clerk of the Court