People v Campbell (2025 NY Slip Op 07205)

People v Campbell

2025 NY Slip Op 07205

Decided on December 23, 2025

Appellate Division, Fourth Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on December 23, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: BANNISTER, J.P., MONTOUR, SMITH, GREENWOOD, AND HANNAH, JJ.

996 KA 23-00049

[*1]THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,
v
KENNETH J. CAMPBELL, ALSO KNOWN AS KENNETH D. CAMPBELL, ALSO KNOWN AS KENNETH CAMPBELL, DEFENDANT-APPELLANT. 

THE LEGAL AID BUREAU OF BUFFALO, INC., BUFFALO (ALLISON V. MCMAHON OF COUNSEL), FOR DEFENDANT-APPELLANT. 
KEVIN T. FINNELL, DISTRICT ATTORNEY, BATAVIA (WILLIAM G. ZICKL OF COUNSEL), FOR RESPONDENT. 

 Appeal from a judgment of the Genesee County Court (Melissa Lightcap Cianfrini, J.), rendered December 13, 2022. The judgment convicted defendant, upon his plea of guilty, of criminal possession of a firearm. 
It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.
Memorandum: Defendant appeals from a judgment convicting him, upon a plea of guilty, of criminal possession of a firearm (Penal Law § 265.01-b [1]). We affirm.
Defendant contends that County Court erred in enhancing his sentence without conducting a sufficient inquiry into his alleged violation of the conditions of the plea agreement. Although defendant's contention would survive even a valid waiver of the right to appeal (see People v Huggins, 45 AD3d 1380, 1380 [4th Dept 2007], lv denied 9 NY3d 1006 [2007]), that contention is not preserved for our review because defendant "failed to object to the enhanced sentence or to move to withdraw [the] plea or to vacate the judgment of conviction on that ground" (People v Fumia, 104 AD3d 1281, 1281 [4th Dept 2013], lv denied 21 NY3d 1004 [2013]; see People v Roberto, 224 AD3d 1367, 1368 [4th Dept 2024]; People v Mills, 90 AD3d 1518, 1518 [4th Dept 2011], lv denied 18 NY3d 960 [2012]). Nor are defendant's appellate "arguments regarding the alleged sentencing error . . . readily discernible from the [sentencing] transcript" (People v Albergotti, 17 NY3d 748, 750 [2011]; cf. People v Forest, 148 AD3d 1585, 1586 [4th Dept 2017], lv denied 29 NY3d 1091 [2017]). In any event, inasmuch as defendant "neither raised an issue 'concerning the validity of the postplea charge[s]' nor denied 'any involvement in the underlying crime[s],' " and defense counsel even conceded that the court could impose an enhanced sentence due to defendant's violation, we conclude that the court had no duty to conduct a further inquiry (People v Harris, 197 AD2d 930, 930 [4th Dept 1993], lv denied 82 NY2d 850 [1993], quoting People v Outley, 80 NY2d 702, 713 [1993]; see People v Nowlin, 145 AD3d 1447, 1448 [4th Dept 2016], lv denied 29 NY3d 1035 [2017]; People v Anderson, 99 AD3d 1239, 1239 [4th Dept 2012], lv denied 20 NY3d 1059 [2013]; Mills, 90 AD3d at 1518). The record establishes that the court nonetheless conducted a sufficient inquiry inasmuch as "[b]oth defendant and his counsel were given ample opportunity to refute the . . . assertions that defendant had violated the plea terms" (Albergotti, 17 NY3d at 750; see People v Sims, 41 NY3d 995, 996 [2024]; People v Scott, 200 AD3d 1729, 1730 [4th Dept 2021]).
Contrary to defendant's further contention, we conclude that the record establishes that defendant knowingly, voluntarily, and intelligently waived his right to appeal (see People v Brinkman, 240 AD3d 1431, 1431-1432 [4th Dept 2025], lv denied — NY3d — [2025]; see generally People v Thomas, 34 NY3d 545, 559-564 [2019], cert denied — US &mdash, 140 S Ct 2634 [2020]). We note at the outset that the court used the appropriate model colloquy with respect to [*2]the waiver of the right to appeal (see NY Model Colloquies, Waiver of Right to Appeal; see generally Thomas, 34 NY3d at 567; People v Edmonds, 229 AD3d 1275, 1277 [4th Dept 2024], lv denied 43 NY3d 930 [2025]). Contrary to defendant's assertion, the court properly explained that defendant retained the right to take an appeal, but that his conviction and sentence would "normally be final" because he was giving up the right to appellate review of "most claims of error," including the severity of the sentence, except for "a limited number of claims" that would survive the appeal waiver, for example the voluntariness of the plea, the validity of the appeal waiver, the legality of the sentence, the jurisdiction of the court, defendant's competency to stand trial, and the constitutional right to a speedy trial (see Thomas, 34 NY3d at 567; Edmonds, 229 AD3d at 1277).
Additionally, the court's oral colloquy was supplemented by a detailed written waiver that, among other things, accurately explained the rights waived and retained as a result of the waiver and, in doing so, used the phrase "waiver of the right to raise issues on appeal," thereby employing language that "more precisely" reflected that the waiver merely represented "a narrowing of the issues for appellate review" (Thomas, 34 NY3d at 559; see Edmonds, 229 AD3d at 1277-1278). Contrary to defendant's related assertion, the record establishes that the court ascertained that defendant, "before signing the written waiver form, had reviewed the contents thereof with [his] attorney and understood the appellate rights [he] was giving up [and retaining] as a result of the waiver" (People v Correia, 240 AD3d 1440, 1441-1442 [4th Dept 2025], lv denied 44 NY3d 992 [2025]; see Edmonds, 229 AD3d at 1278; cf. People v Bradshaw, 18 NY3d 257, 262 [2011]; People v Callahan, 80 NY2d 273, 283 [1992]).
We also reject defendant's remaining challenges to the appeal waiver. "[A] waiver of the right to appeal is not unconscionable per se" under binding current Court of Appeals precedent (Brinkman, 240 AD3d at 1431; see Thomas, 34 NY3d at 557-558, 558 n 1; People v Seaberg, 74 NY2d 1, 8-9 [1989]), and "it is not improper for the People to demand a waiver of the right to appeal as a condition of a plea bargain" (Brinkman, 240 AD3d at 1431-1432). In addition, the record establishes that defendant received consideration in exchange for the waiver inasmuch as the plea agreement resulted in defendant pleading guilty to the lowest felony count in the indictment in full satisfaction of all charges therein, including a higher felony count, and defendant received a sentencing promise (see People v Allen, 174 AD3d 1456, 1456 [4th Dept 2019], lv denied 34 NY3d 978 [2019]; People v Frank, 258 AD2d 900, 900 [4th Dept 1999], lv denied 93 NY2d 924 [1999]; cf. People v Gramza, 140 AD3d 1643, 1643-1644 [4th Dept 2016], lv denied 28 NY3d 930 [2016]).
We thus conclude that "all the relevant circumstances reveal a knowing and voluntary waiver" (Thomas, 34 NY3d at 563; see Edmonds, 229 AD3d at 1278) and, because the court advised defendant of the maximum sentence that could be imposed if he violated the plea agreement, that waiver encompasses his further challenge to the severity of the enhanced sentence (see People v Durinko, 239 AD3d 1347, 1348 [4th Dept 2025], lv denied 44 NY3d 993 [2025]; Roberto, 224 AD3d at 1368).
Entered: December 23, 2025
Ann Dillon Flynn
Clerk of the Court